SOMERMEIER, APPELLEE, *v.* FIRST NATL. BANK OF CINCINNATI ET AL., APPELLEES; KUPRASH, APPELLANT.

(No. 10440—Decided May 13, 1968.)

*Messrs. Dinsmore, Shohl, Coates & Deupree* and *Mr. Coleman J. Lesser,* for plaintiff-appellee.

*Messrs. Frost & Jacobs, Mr. R. O. Klausmeyer, Messrs. Taft, Stettinius & Hollister, Mr. Robert Stachler, Messrs. Paxton & Seasongood, Mr. Leonard S. Meranus, Messrs. Graydon, Head & Ritchie* and *Mr. Nelson Schwab,* for defendants-appellees.

*Messrs. Nichols, Wood, Marx & Ginter, Mr. John Wood, II,* and *Messrs. Goodman & Goodman,* for appellant.

SHANNON, J. This is an appeal on questions of law from an order of the trial court sustaining plaintiff-appellee's motion for summary judgment and ordering complete distribution of a trust.

The trust in question was established by Andrew Jergens, Sr., then aged sixty-six years, on December 24, 1923, and provided for income distribution to his four children. The entire income of the trust was set aside for the benefit of a daughter, Mina, as long as she might live. After her death, in 1944, the income was distributed to two other daughters and a son, Andrew Jergens, Jr., then the sole trustee.

One of the daughters died in 1961, and a suit was filed thereafter in the Court of Common Pleas of Hamilton County seeking instructions as to the distribution of income previously going to such deceased beneficiary. Defendant, appellant herein, Betsy Kuprash, a granddaughter of such deceased, was made a party defendant to that suit in which the issue was whether Betsy Kuprash was entitled to share in any part of future income distributions. The court decided that question in the negative, and thereafter Betsy Kuprash filed a notice of appeal from the judgment entry. Subsequently, the appeal was dismissed, presumably pursuant to an agreement between the plaintiff trustee and defendant Kuprash.

On January 4, 1967, Andrew Jergens, Jr., filed an action in the Court of Common Pleas of Hamilton County seeking the appointment of a trustee to succeed him in event of his death or disability and, then, to distribute the trust, Betsy Kuprash being made one of the parties defendant.

However, on February 22, 1967, Andrew Jergens, Jr., died, and the trust, by its provision, terminated.

On March 23, 1967, the case at bar was filed to obtain a successor trustee to distribute, immediately, the corpus of the trust. It was recited in that petition that Betsy

Kuprash had claimed a share under the trust instrument as she had done earlier. All defendants, except Kuprash, filed timely answers joining in the prayer for distribution. Kuprash filed an answer setting forth that the trust had been "amended" in 1925 and that the assets should be distributed as "undistributed property of Andrew Jergens, Sr.," the settlor. After a pretrial hearing, attended by counsel for Kuprash, the matter was set for a date certain for completion of all discovery efforts. Before that date had arrived, a motion for summary judgment was filed by plaintiff and the matter set for hearing on October 23, 1967. Defendant Kuprash obtained additional counsel, and a continuance was had to October 30, 1967, for a hearing on the motion for summary judgment.

On October 30, 1967, counsel for Kuprash tendered an amended answer and cross-petition, leave to file which was refused by the trial court on the ground that the filing was not timely. Counsel for Kuprash then proffered such pleading as a substitute for an affidavit in connection with the summary judgment proceeding. The trial court refused to accept it in that guise on the same ground.

Thereafter, the court granted the motion for summary judgment, the order now on appeal.

Appellant sets forth four assignments of error:

First, it is asserted that the court erred in refusing to grant leave to file the amended answer of Mrs. Kuprash.

Secondly, the claim is made that the motion for summary judgment should have been dismissed or overruled because it was not properly filed. Section 2311.041(A), Revised Code, provides:

"* * * If the action has been set for pretrial, a party may file a motion for summary judgment only with leave of the court. After the action has been set for trial such a motion may only be filed with the consent of all the parties to the action."

It is clear that a pretrial hearing had been set prior to the filing of the motion for summary judgment, but leave of court was first had. Therefore, the requirement of the Code was met.

Section 2311.041(B), Revised Code, provides, in part: "* * * The adverse party prior to the day of hearing may file opposing affidavits. * * *"

Nothing was filed or tendered on behalf of Mrs. Kuprash until the hearing on the motion was commenced. At that juncture, her counsel sought leave to file an amended answer and cross-petition. Since all parties knew that the court was to consider the motion for summary judgment and had granted counsel for Mrs. Kuprash time to study the papers and to confer, we can find no abuse of discretion in the judge's refusal to grant leave to file the amended pleading.

Section 2311.041(B), Revised Code, prohibits the consideration of evidence or stipulations not filed in accordance with such section. Consequently, the ruling of the court in refusing to consider the amended answer and cross-petition as an "affidavit" was correct, both because it was not filed in harmony with Section 2311.041(B) and because it did not meet the requirements of paragraph (D) of the same Code section.

The third and fourth assignments of error are so interrelated that we shall dispose of them together. Appellant urges that summary judgment should not have been rendered and that thereafter she was entitled to a separate statement of law and fact.

As we view this matter, the court below was confronted only with questions of law. There were no disputed facts essential to the resolution of the issues. The clear provision of Section 2311.041 is that summary judgment shall be rendered forthwith if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.

The question of law which had to be decided was: Did Betsy Kuprash have an interest in the corpus of the trust entitling her to share in its distribution?

This issue, in essence, was the same as that before the court in 1962 when it was decided adversely to Kuprash. Review of the propriety of such decision was never had because of subsequent action by Kuprash.

The effect of the 1962 decision was to establish the validity of the trust and to define its terms.

Confronted, then, with the same question, the trial court here correctly applied the controlling law to that which had been established earlier and reached the same conclusion, in fine.

It has long been accepted in Ohio that the word, "children," does not include (without more) "grandchildren." See paragraph two of the syllabus of *Sinton* v. *Boyd*, 19 Ohio St. 30, to wit:

"Where a testator gave all his estate to his wife for life, and directed that all remaining after her death should be divided, by his executors, equally amongst his children, or the *survivors of them*, and, after his decease, one of the children died, before the death of the testator's widow, leaving a child: *Held,* That no interest vested in the deceased child under the will, and that the grandchild of the testator was not entitled to share in the estate, as one of the 'children' or 'survivors,' to whom it was to be distributed."

It seems to us that once the court determined that Kuprash had no interest in the corpus of the trust as a matter of law, there remained for it only the task of dividing the principal and accrued income. It was not required to set forth findings of fact separately from conclusions of law simply because no decision of fact had been required.

Appellant has received a determination of her rights, which we find to be correct. She has had her day in court.

The decision and order of the Court of Common Pleas, Hamilton County, is affirmed.

*Judgment affirmed.*

LONG, P. J., and HILDEBRANT, J., concur.