MASON, APPELLANT, *v.* UNITED STATES FIDELITY & GUARANTY CO. ET AL., APPELLEES.

(No. C-860361—Decided May 6, 1987.)

*Tobias & Kraus, Paul H. Tobias* and *David Torchia,* for appellant.

*Bloom & Greene Co., L.P.A.,* and *Lawrence A. Flemer,* for appellee USF&G.

*Jeffrey B. Rubenstein,* for appellee Ohio Civil Rights Commission.

HILDEBRANDT, J. James Mason, plaintiff-appellant ("Mason"), filed an action in common pleas court against his former employer, United States Fidelity and Guaranty Company, defendant-appellee ("USF&G"). Originally the complaint alleged two causes of action against USF&G but one was dismissed, and only an action for intentional and/or negligent infliction of emotional distress has been preserved on appeal. Also before us is the trial court's review of Mason's charge of handicap discrimination, which had

been dismissed by the Ohio Civil Rights Commission ("commission"), because it determined no probable cause existed to believe USF&G discriminated against Mason on the basis of his handicap. The trial court affirmed the commission.

Mason began his employment with USF&G in 1965 as an insurance auditor. In September 1979, Mason began receiving treatment for paranoia and agoraphobia. These problems interfered with Mason's ability to travel as required by his job, and even to get from his home to work.

In January 1980, Mason's doctor submitted a report to USF&G stating that because of his mental condition Mason was disabled and he would likely continue to be disabled until December 1980. In fact, from December 1979 until January 1981, Mason missed about thirteen weeks of work due to his problems.

Finally, in December 1981, Mason left his job never to return. In July 1982, USF&G placed Mason on long-term disability. Mason was discharged August 2, 1983. USF&G claimed the termination was necessitated by a lack of premium production in his office which required the elimination of his position. Mason claimed he was discriminated against because of the handicap resulting from his mental problems.

In September 1983, Mason filed his discrimination charge with the commission and it determined no probable cause existed to believe he was unlawfully discriminated against. The commission dismissed the charge, and Mason appealed that determination to common pleas court and attached his emotional distress claim. The trial court affirmed the commission's determination and dismissed that part of Mason's complaint.

Subsequently, Mason moved for leave to amend his complaint to add an employment contract violation claim. There Mason alleged his discharge was without just cause and that he failed to receive severance pay that was due him. This motion was denied.

Finally, USF&G moved to dismiss the remaining emotional distress claim pursuant to Civ. R. 12(B)(6), asserting that Mason had failed to state a ground upon which relief could be granted. This motion was granted, and all matters before the trial court were concluded. A timely appeal followed.

We will discuss Mason's third assignment of error first, because it requires the closest analysis. Mason claims in this assignment the trial court erred in affirming the commission's determination of no probable cause. Initially, the parties disagree as to the proper standard of review that is to be applied to a no probable cause determination.

Mason claims that pursuant to R.C. 4112.06(E) the proper standard is whether the commission's determination is supported by reliable, probative, and substantial evidence. It is urged by USF&G and the commission that the proper standard for a preliminary determination under R.C. 4112.05(B) is whether the findings were irrational, unlawful, or arbitrary and capricious.

Everyone agrees that no evidentiary hearing was held, and the commission conducted a preliminary investigation as provided for in R.C. 4112.05 (B). Judicial review of all the commission's final orders is provided for in R.C. 4112.06(A), and a standard of review is prescribed by R.C. 4112.06 (E), which states:

"The findings of the commission as to the facts shall be conclusive if supported by reliable, probative, and substantial evidence on the record and such additional evidence as the court has admitted considered as a whole."

We find the logic of *McCrea* v. *Ohio Civil Rights Comm.* (1984), 20

Ohio App. 3d 314, 20 OBR 416, 486 N.E. 2d 143, to be compelling. In that case the Court of Appeals for Summit County discussed an R.C. 4112.05 investigatory hearing. The court stated:

"* * * Although the commission investigates the charge, it does not seek to receive formal evidence. Unlike the procedure set forth for a post-complaint formal hearing, R.C. 4112.05 does not provide for the swearing of witnesses, the taking of testimony, or the keeping of a record during the preliminary investigation. A determination of no probable cause is one which cannot, therefore, be reviewed on the basis of reliable, probative and substantial evidence. * * *" *Id.* at 316, 20 OBR at 418, 486 N.E. 2d at 146.

The commission has the responsibility together with the special knowledge and expertise to determine whether probable cause exists to believe that unlawful discrimination has taken place. The determination of the commission should be given great deference.

Unless the reviewing court finds that the commission's decision that no probable cause exists is unlawful, irrational, arbitrary or capricious, the court should not disturb the commission's finding. *McCrea* v. *Ohio Civil Rights Comm., supra;* accord *Archey* v. *Ohio Civil Rights Comm.* (Nov. 3, 1986), Drake App. No. 4866, unreported; *Wilson* v. *Ohio Civil Rights Comm.* (June 25, 1986), Columbiana App. No. 85-C-50, unreported; *Allen* v. *Ohio Civil Rights Comm.* (May 8, 1986), Mahoning App. No. 85 C.A. 68, unreported; *Gross* v. *Health Enterprises of America, Inc.* (Jan. 30, 1986), Miami App. No. 85CA34, unreported. We can find no case where a court facing this issue has decided it differently.

We hold that the proper standard of review of an R.C. 4112.05(B) preliminary investigation is whether the commission's decision is unlawful, irrational, arbitrary or capricious.

Applying the standard to the case *sub judice* we cannot say, as Mason would have us, that because the commission incorrectly found that he had been absent from December 1979 through December 1980 when in fact he had been absent only thirteen weeks, the no probable cause determination was unlawful, irrational, arbitrary or capricious. In fact the overwhelming weight of the evidence supports USF&G's claim that Mason was terminated because of lack of work. Additionally, Mason did not refer to this error in his request for reconsideration to the commission, and he could be considered to have waived it.

The third assignment of error is not well-taken and we overrule it.

Mason's first assignment of error claims the trial court erred in denying his motion to amend his complaint to add the contract claims. Civ. R. 15(A) requires that leave of court to amend a complaint "shall be freely given when justice so requires." No reason is given for the trial court's denial.

The Ohio Supreme Court has held that while the grant or denial of leave is within the discretion of the trial court, where the request is timely and in good faith, and no reason is apparent or disclosed for denying leave, a denial is an abuse of discretion. *Hoover* v. *Sumlin* (1984), 12 Ohio St. 3d 1, 12 OBR 1, 465 N.E. 2d 377. The only argument made by USF&G for affirming the denial of leave is that it was requested some fourteen months after the original complaint was filed.

We do not find the time period justifies the denial. In *Hoover* v. *Sumlin, supra,* the period was nineteen months. In *Birmingham Fire Ins. Co.* v. *River Downs Race Track* (1985), 26 Ohio App. 3d 139, 26 OBR 356, 499 N.E. 2d 18, we held that a passage of more than four years did not constitute undue delay. We find that there was no bad faith, undue delay or undue prejudice to USF&G, and therefore leave

should have been granted. *Hoover* v. *Sumlin, supra; Birmingham Fire Insurance Co.* v. *River Downs Race Track, supra.* The first assignment of error is well-taken.

In his second assignment of error Mason claims that the trial court erred in dismissing his claim for emotional distress by means of a motion to dismiss. Civ. R. 12(B)(6). In reviewing a motion to dismiss, the material allegations of the complaint are taken as admitted. *State, ex rel. Alford,* v. *Willoughby Civil Serv. Comm.* (1979), 58 Ohio St. 2d 221, 12 O.O. 3d 229, 390 N.E. 2d 782, appeal after remand (1981), 67 Ohio St. 2d 260, 20 O.O. 3d 163, 423 N.E. 2d 457.

It is not disputed that the tort of intentional or reckless infliction of emotional distress is recognized in Ohio. *Yeager* v. *Local Union 20* (1983), 6 Ohio St. 3d 369, 6 OBR 421, 453 N.E. 2d 666. Therefore, for us to affirm the dismissal it must appear beyond doubt that Mason can prove no set of facts entitling him to recovery. *O'Brien* v. *University Community Tenants Union, Inc.* (1975), 42 Ohio St. 2d 242, 71 O.O. 2d 223, 327 N.E. 2d 753, syllabus, citing *Conley* v. *Gibson* (1957), 355 U.S. 41.

Mason's emotional distress claim in Count II of his complaint states in full:

"The Defendant USF&G acted intentionally and negligently and with a reckless disregard of Plaintiff's rights, inflicting pain and suffering and with knowledge that its actions would aggravate Plaintiff's emotional distress."

While the claim was no model of pleading, we find the motion to dismiss the claim should have been denied. It was possible in law for Mason to show that USF&G caused him serious emotional distress, intentionally or recklessly, by means of extreme and outrageous conduct, and bodily harm resulted. *Yeager* v. *Local Union 20, supra,* syllabus. Therefore, because

Mason could have been able to show the tort of emotional distress, we find the second assignment of error to be well-taken.

The judgment of the trial court with respect to its review of the no probable cause determination is affirmed; in all other respects the judgment of the court is reversed and the cause is remanded for proceedings not inconsistent with this opinion and law.

*Judgment accordingly.*

SHANNON, P.J., and BLACK, J., concur.