MAY, APPELLEE, *v.*
OHIO CIVIL RIGHTS COMMISSION
ET AL., APPELLANTS.

(No. C-880256—Decided
June 28, 1989.)

*Paul A. Nadich,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Jeffrey B. Rubenstein,* for appellant Ohio Civil Rights Commission.

*Hollingsworth & Sunderland* and *Paul C. Sunderland,* for appellant General Electric Co.

SHANNON, P.J. On July 20, 1984, appellee Harold W. May filed a charge of discrimination against his employer, appellant General Electric Company ("GE"), with appellant Ohio Civil Rights Commission ("OCRC"). OCRC found no probable cause to issue a complaint, dismissing May's charge. Following the denial of his request for reconsideration, May filed a "petition for review and complaint" in the common pleas court. On November 1, 1984, May filed a second charge of discrimination against GE with OCRC. OCRC again found no probable cause to issue a complaint and dismissed May's charge. May filed another petition for review in the court of common pleas. The common pleas cases were consolidated.

May filed a motion for a trial *de novo* in the common pleas court. The trial court granted May's motion, holding that because OCRC did not hold a formal hearing, there was "no record" upon which the trial court could base an adequate review of the action of OCRC, and, therefore, the record had to be created in the trial court. The entry granting May's motion contained a Civ. R. 54(B) certification.[1] GE and OCRC timely appealed.

---

[1] We note that the parties have not raised any question as to the finality of the trial court's order, and we do not address the issue.

GE and OCRC each advance one assignment of error, and the two will be addressed together. GE's assignment of error alleges:

"The trial court erred to the prejudice of appellants in granting the motion for trial de novo on review of a determination by the Ohio Civil Rights Commission finding no probable cause and dismissing appellee's charge of discrimination."

OCRC's assignment of error alleges:

"The lower court erred, to the prejudice of defendant-appellant, in granting, over opposition, plaintiff-appellee's motion for a trial de novo on a petition for judicial review of a 'no probable cause' determination of the Ohio Civil Rights Commission."

R.C. 4112.05(B) provides in part:

"Any person may file a charge with the commission alleging that another person has engaged or is engaging in unlawful discriminatory practices. * * * Upon receiving a charge, the commission may initiate a preliminary investigation * * *. If the commission determines after a preliminary investigation that it is not probable that unlawful discriminatory practices have been or are being engaged in, it shall notify * * * the complainant that it has so determined and that it will not issue a complaint in the matter."

R.C. 4112.06(A) in part states:

"Any complainant or respondent claiming to be aggrieved by a final order of the commission, including a refusal to issue a complaint, may obtain judicial review thereof, and the commission may obtain an order of the court for the enforcement of its final orders, in a proceeding as provided in this section. * * *"

In *Mason* v. *United States Fidelity & Guaranty Co.* (1987), 37 Ohio App. 3d 22, 523 N.E. 2d 344, we held that the standard for judicial review of an order of OCRC finding no probable cause and dismissing a complaint for discrimination, is whether the OCRC's determination is irrational, unlawful, arbitrary or capricious. This is a different standard of review than that employed when OCRC has held a full formal hearing, and when the trial court must determine whether OCRC's decision is based upon reliable, probative and substantial evidence. By acknowledging the difference in the standards of review, we recognized that in a preliminary investigation the OCRC does not hold a formal evidentiary hearing, and the reviewing court must make its determination based upon the file made during OCRC's preliminary investigation of the charge.

It is clear from the statute that the legislature did not intend that OCRC hold a formal hearing on every charge filed. It is contemplated that the trial court will base its decision on whatever record has been prepared by OCRC. There is no provision in the statutory scheme for a trial *de novo* in the common pleas court. We find the trial court erred in granting appellee's motion for a trial *de novo* in the court of common pleas.

Appellee argues that because the public policy of Ohio has been defined by the legislature as forbidding discrimination against handicapped persons, the refusal to extend to an injured person the right to a trial *de novo* in the common pleas court is a violation of the right-to-remedy clause of Section 16, Article I,[2] of the Ohio Constitution.

---

[2] Section 16, Article I of the Ohio Constitution states in pertinent part:

"All courts shall be open, and every person, for injury done him in his land, goods, person or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay."

Legislative enactments enjoy a strong presumption of constitutionality. *Rocky River* v. *State Emp. Relations Bd.* (1989), 43 Ohio St. 3d 1, 539 N.E. 2d 103. The Ohio due process or due course of law provisions, contained in Section 16, Article I, of the Ohio Constitution, require that all courts be open to every person who is injured. *Mominee* v. *Scherbarth* (1986), 28 Ohio St. 3d 270, 28 OBR 346, 503 N.E. 2d 717. It is clear that appellee is, essentially, arguing that R.C. 4112.05 and 4112.06 are unconstitutional to the extent that the administrative rules followed by OCRC at the investigatory stage deprived appellee of a property interest without due process, in that the rules do not provide for an adversary-oriented evidentiary hearing.

In *Salazar* v. *Ohio Civil Rights Comm.* (1987), 39 Ohio App. 3d 26, 30, 528 N.E. 2d 1303, 1307, the court stated:

"Appellant has appeared to argue that he has a protected property interest in being able to present his charge of handicap discrimination against Mather to the commission in the context of an adversary-oriented, evidentiary hearing, and that he has been deprived of due process of law by not being able to do so. If this is appellant's argument, it is without merit. As the United States Supreme Court has noted, '[t]he hallmark of property * * * is an individual entitlement grounded in state law, which cannot be removed except for "just cause." ' (Citations omitted.) *Logan* [v. *Zimmerman Brush Co.* (1982), 455 U.S. 422], *supra,* at 430. Ohio law has not conferred upon appellant an individual entitlement to an adversary-oriented, evidentiary hearing at the preliminary investigation stage of his handicap discrimination charge. Under such a circumstance as this, the United States Supreme Court has held that there is no basis upon which to invoke the protections accorded to 'property' under the Fourteenth Amendment. See, generally, *Paul* v. *Davis* (1976), 424 U.S. 693, 710-711; *Goss* v. *Lopez* (1975), 419 U.S. 565, 572; *Bd. of Regents* v. *Roth* (1972), 408 U.S. 564, 577. Accordingly, we hold that appellant did not possess any protected property interest susceptible of deprivation without due process of law."

We find that R.C. 4112.05 and 4112.06 are proper exercises of legislative authority which do not violate the right-to-remedy provisions of Section 16, Article I of the Ohio Constitution.

Further, while we recognize that the public policy of Ohio stands firmly against employment discrimination, we determine that public policy considerations do not require that appellee be granted a trial *de novo* in the common pleas court. See *Russell* v. *Cincinnati Bell, Inc.* (July 31, 1985), Hamilton App. No. C-840668, unreported. The legislature has properly determined to refer all enforcement matters to OCRC in the first instance, subject to the judicial review discussed previously in this opinion.

Appellants' assignments of error are sustained. The judgment of the trial court is reversed and the cause is remanded for the trial court to determine, based upon the record created by OCRC in the preliminary investigation, whether the OCRC's determination that there was no probable cause to issue a complaint was irrational, unlawful, arbitrary or carpricious, and for further proceedings consistent with law and this opinion.

*Judgment reversed*
*and cause remanded.*

DOAN and KLUSMEIER, JJ., concur.