**DISCOVERY HOUSE, INC., Plaintiff,**

v.

**CONSOLIDATED CITY OF INDIANAPOLIS; and Metropolitan Board of Zoning Appeals at Marion County, Indiana, Defendant.**

No. IP 97–0480–C–B/S.

United States District Court,
S.D. Indiana,
Indianapolis Division.

June 18, 1997.

Robert P. Kennedy, Merrillville, IN, for Plaintiff.

John T. Roy, Stephenson Daly Morow & Kurnik, Indianapolis, IN, for Defendant.

**ENTRY**

BARKER, Chief Judge.

This matter is before the Court on Plaintiff Discovery House, Inc.'s ("Discovery House") Amended Verified Motion for Preliminary Injunction and on Defendants' Motion to Dismiss. For the reasons discussed below, Defendants' Motion to Dismiss is **granted** and Discovery House's declaratory judgment and injunctive relief claims are **dismissed with prejudice** and its monetary damages claims are **dismissed without prejudice.** Accordingly, Plaintiff's motion for a preliminary injunction is also **denied.**

## I. BACKGROUND

Discovery House is an organization which operates outpatient methadone treatment centers for persons addicted to drugs. (Amended Complaint, ¶ 4). On October 20, 1995, Discovery House received a letter from the Department of Metropolitan Development stating that Discovery House's proposed use of property at 5626 E. 16th Street, Indianapolis, Indiana, as a methadone treatment center would be proper under the area's Hospital District Two ("HD–2") zoning designation.[1] Thereafter, Discovery House entered into a lease at 5626 E. 16th street and made improvements in preparation for the operation of a methadone treatment facility at that address

On June 5, 1996, the Department of Metropolitan Development received a petition challenging it's previous determination that a methadone treatment facility was a proper use in an HD–2 zoning district. On July 16, 1996, the Metropolitan Board of Zoning Appeals ("MBZA") held a public hearing on the matter. After hearing testimony and receiving evidence on the matter, the MBZA reversed the Department of Metropolitan Development's initial approval of Discovery House's proposed use of the 16th Street property, and determined instead that a methadone treatment facility was not a permit-

---

1. The zoning ordinance at issue provides, in relevant part, as follows:

2. *PERMITTED HOSPITAL DISTRICT TWO (HD–2) USES*
 All uses permitted within the HD–2 District shall be subject to the Commission's approval, as included within a required site and development plan filed with, and approved by, said Commission as specified in Section 2.02, B.
 a. Apartments, dormitories, and other higher-intensity, permanent transient residential structure.
 b. commercial parking lots and garages.
 c. medical laboratories; surgical and medical supply firms; hospital and sickroom equipment sales & rental.
 d. nursing, convalescent and retirements homes.
 e. offices for physicians, dentists, and other professions dealings with public health.
 f. pharmacies; florists; card and gift shops; restaurants; uniform clothing stores; and similar convenience and *specialty sales and* service businesses.
 g. Other similar hospital related or oriented uses.
 (City of Indianapolis-Marion County Municipal Code, App. D, part 7, Ch. 2 § 2.02 A 2.)

ted use in an HD–2 zoning district. On August 15, 1996, Discovery House appealed the MBZA's decision by filing a Petition for a Writ of Certiorari in the Marion County Superior Court, pursuant to Indiana Code § 36–7–4–1003.[2] In its certiorari petition, Discovery House alleged that the MBZA decision was illegal in the following respects:

1) the decision was contrary to the plain language of the HD–2 zoning ordinance permitting the operation of "offices for physicians, dentists and other professions dealing with public health," "pharmacies," and "other similar hospital-related or oriented uses;"

2) the decision unlawfully discriminates against a public health facility which distributes methadone for treatment of an illness;

3) the decision discriminates against individuals with disabilities and against a public health facility which provides a supervised rehabilitation program, in violation of the American Disabilities Act ("ADA") of 1990, 42 U.S.C. § 12101 *et seq.* [a]nd the Rehabilitation [A]ct, 29 U.S.C. § 701 *et seq.;* and

4) the decision deprives Discovery House of its interest in property without due process of law in violation of Indiana Constitution, Article 1, § 12 and the Fourteenth Amendment of the United States Constitution, and denies Discovery House and its patients equal protection of the law in violation of the Indiana Constitution Article I, § 23 and the Fourteenth Amendment of the United States Constitution. (Petition for Writ of Certiorari, ¶ 20).

On April 21, 1997, Discovery House filed in this Court its Amended Complaint and Amended Verified Motion for Preliminary Injunction. The Amended Complaint alleges that the MBZA's determination that a methadone treatment center was not an approved use under the HD–2 zoning ordinance

1) discriminated against Discovery House on account of its treatment of and associa-

tion with individuals with disabilities in violation of the ADA and the Rehabilitation Act (Amended Complaint, Counts I and II);

2) violated the Equal Protection guarantees of the Fourteenth Amendment of the United States Constitution and Article I, § 23 of the Indiana Constitution "because the determination was arbitrary and the ordinance was applied and enforced with a discriminatory intent and purpose." (Amended Complaint, Count III); and

3) constitutes an unjust taking without compensation in violation of the Fifth Amendment of the United States Constitution and Article I, § 20 of the Indiana Constitution. (Amended Complaint, Count IV).

Discovery House requests injunctive relief, a declaratory judgment declaring that a methadone treatment facility is a permitted use in an HD–2 zoning district under the zoning ordinance, compensatory and punitive damages, attorneys fees and costs, and "all other appropriate relief under the circumstances." (Amended Complaint, Prayer for Relief, at 9–10).

## II. STANDARDS OF REVIEW

Defendants have moved to dismiss Discovery House's Amended Complaint under both Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and Rule 12(b)(6), for failure to state a claim. We decline to assert jurisdiction over this cause pursuant to the doctrine of abstention under *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its progeny, and accordingly dismiss Discovery House's Amended Complaint without deciding whether dismissal would be appropriate under any of the other grounds raised by Defendants in their Motion to Dismiss.

Whether we should dismiss Discovery House's Amended Complaint pursuant to Rule 12(b)(1) or 12(b)(6) standards is not

---

**2.** I.C. § 36–7–4–1003 provides, in relevant part: Each decision of the ... board of zoning appeals is subject to review by certiorari. Each person aggrieved by a decision of the board of · zoning appeals ... may present, to the circuit or superior court of the county in which the premises affected are located, a verified petition setting forth that the decision is illegal in whole or in part and specifying the grounds of the illegality.

immediately apparent, since abstaining from exercising jurisdiction is neither a finding that jurisdiction is lacking nor that plaintiffs have failed to state a claim. Dismissal of a complaint under Rule 12(b)(6) is appropriate only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations in the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). In ruling on motions to dismiss under Rule 12(b)(6), we accept as true all well-pleaded·factual allegations and draw all reasonable inferences in favor of the plaintiff. *Dawson v. General Motors Corp.,* 977 F.2d 369, 372 (7th Cir.1992). The standards for ruling on a motion to dismiss under Rule 12(b)(1) differ from the 12(b)(6) standards in that the court may consider materials outside the pleadings without converting the motion into one for summary judgment. *English v. Cowell,* 10 F.3d 434, 437 (7th Cir.1993). Thus, in ruling on a 12(b)(1) motion, we may look both to the allegations in the complaint and to other materials relating to the issue of the court's jurisdiction. We need not decide here which standard to apply in determining whether to dismiss Discovery House's Amended Complaint under the doctrine of *Younger* abstention, for we need look no further than the Complaint and the applicable statutes and case law in order to determine whether *Younger* abstention is appropriate in this case.

### III. ANALYSIS

 doctrine of abstention under *Younger* and its progeny embodies "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 431, 102 S.Ct. 2515, 2520, 73 L.Ed.2d 116 (1982). *Younger* abstention rests upon the notion of "comity," which includes "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* (quoting *Younger,* 401 U.S. at 44, 91 S.Ct. at 750). This notion of "comity" requires that federal courts "presume that state courts are capable of establishing and administering judicial process consistent with the requirements of the federal constitution, and 'that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.' " *Barichello v. McDonald,* 98 F.3d 948, 954–55 (7th Cir., 1996) (quoting *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 15, 107 S.Ct. 1519, 1528, 95 L.Ed.2d 1 (1987)).

 time, a three-part test has emerged for determining whether *Younger* abstention is appropriate in a given case:

(1) the judicial or judicial in nature state proceedings must be on-going;

(2) the state proceedings must implicate important state interests; and

(3) there must be an adequate opportunity in the state court proceeding to raise constitutional challenges.

*Trust & Investment Advisers, Inc. v. Hogsett,* 43 F.3d 290, 295 (7th Cir.1994) (citing *Middlesex County,* 457 U.S. at 432, 102 S.Ct. at 2521).

Discovery House argues first that *Younger* abstention does not apply here because it does not seek relief which enjoins or affects its appeal of the MBZA's decision in Marion Superior Court. This argument is entirely without merit. It is well-established that *Younger* abstention applies not only where a federal court action seeks to directly enjoin a pending state court action, but also where "important state interests" are involved. *Middlesex County,* 457 U.S. at 432, 102 S.Ct. at 2521. Thus, so long as each prong of the three-prong test described above is met, *Younger* abstention is appropriate.

Discovery House concedes that state court proceedings are ongoing, but asserts that neither the second nor third prong is met in this case. We shall address each of these two requirements in turn.

*Whether the State Proceeding Involves Important State Interests.*

In *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 365, 109 S.Ct. 2506, 2516, 105 L.Ed.2d 298 (1989), the Supreme Court noted that in determining whether the state proceeding involves sufficiently important state interests, a court must "not look narrowly to [the state's] interest in the outcome of the particular case," but rather, to the "importance of the generic proceedings to the state." Thus, we must determine whether state court proceedings reviewing decisions by the MBZA are, in general, of sufficient importance to the State of Indiana to merit federal court abstention.

■ Local land use and zoning issues have consistently been held to be "important state interests" for the purposes of *Younger* abstention. *See Ahrensfeld v. Stephens*, 528 F.2d 193, 198 n. 7 (7th Cir.1975) ("the application of zoning ordinances and regulations is 'distinctly a feature of local government' which is 'outside the general supervisory power of federal courts;'") (quoting *Hill v. City of El Paso*, 437 F.2d 352, 357 (5th Cir.1971)); *American National Bank of Chicago v. Parkman*, 702 F.Supp. 168, 171 (N.D.Ill. 1988) (proceeding in state court seeking enforcement of zoning ordinance involves states interests "sufficiently significant to warrant application of *Younger*"); *Wandyful Stadium, Inc. v. Town of Hempstead*, 959 F.Supp. 585, 590 (S.D.N.Y.1997); *Korean Buddhist Dae Won Sa Temple of Hawaii v. City and County of Honolulu*, 952 F.Supp. 679, 684 (D.Hawaii 1996).

Discovery House contends that the fact that they have alleged federal claims somehow means that the underlying issue can no longer be considered an issue of local or state concern. This is simply not the case. The Seventh Circuit has held that "[t]he fact that plaintiffs here raise federal constitutional claims [against the Indiana zoning system] does not preclude abstention," *Ahrensfeld*, 528 F.2d at 198 (citing *Mitchum v. Foster*, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972)) (presence of a section 1983 claim "did not necessarily mandate the exercise of federal jurisdiction where the principles of equity, comity and federalism dictated other-

wise."); *Harrison v. NAACP*, 360 U.S. 167, 79 S.Ct. 1025, 3 L.Ed.2d 1152 (1959); *Askew v. Hargrave*, 401 U.S. 476, 91 S.Ct. 856, 28 L.Ed.2d 196 (1971); *Gibson v. Berryhill*, 411 U.S. 564, 573, 93 S.Ct. 1689, 1695, 36 L.Ed.2d 488 (1973).

For the reasons stated above, we find that Discovery House's pending appeal of the MBZA decision in Marion Superior Court raises important state issues and that the second requirement for the application of *Younger* abstention has therefore been met.

*Whether the state court proceedings Provide an Adequate Opportunity to Raise Discovery House's Federal Constitutional and Statutory Claims.*

Discovery House's Petition for Writ of Certiorari filed in the Marion Superior Court raises virtually identical claims to those raised in the Amended Complaint currently before this Court. Nonetheless, Discovery House contends that the proceedings in the Marion Superior Court do not provide an adequate opportunity to litigate its federal claims and that abstention is therefore inappropriate. The Supreme Court has indicated that it will assume that state court proceedings are adequate "in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15, 107 S.Ct. 1519, 1528, 95 L.Ed.2d 1 (1987).

Indiana law clearly establishes that certiorari review of constitutional claims in zoning cases is appropriate where the question is one of the constitutionality of the law as applied to the facts of a particular case. *Newman v. Spence*, 565 N.E.2d 350, 355 (Ind.App.1991); *Metropolitan Board of Zoning Appeals of Marion County v. McDonald's Corp.*, 481 N.E.2d 141 (Ind.App. 1985) (Marion Superior Court ruled on federal Equal Protection challenge to MBZA decision); *Metropolitan Board of Zoning Appeals of Marion County v. Gateway Corp.*, 256 Ind. 326, 268 N.E.2d 736 (1971) (Marion Superior Court ruled upon federal constitutional challenge to MBZA decision). Discovery House does not dispute that federal statutory and constitutional claims can be raised in its appeal of the MBZA decision before the Marion Superior Court. Rather, it contends

that the state court appeal of the MBZA decision is inadequate to provide a full opportunity to litigate those claims because the Marion Superior Court is not required or allowed to consider evidence beyond that which was before the MBZA, to conduct a trial *de novo* or to award damages. (Pltf. Response, at 5).

■ Indiana Code 36–7–4–1009 does prohibit a trial *de novo*, but permits the taking of supplemental evidence "so long as it confines such evidence to the subjects covered in the hearing before the zoning board." *Newman*, 565 N.E.2d at 355; *Gateway*, 268 N.E.2d at 742–43. The statute also limits the remedies that the Superior Court may provide insofar as it allows the court only to "reverse, affirm, or modify the decision of the board brought up for review." I.C. 36–7–4–1009.

■ While the Marion Superior Court may be somewhat restricted in its review of the MBZA decision, it is not so restricted that it prevents an adequate opportunity for Discovery House to litigate its federal claims. The Supreme Court has stated that "it is sufficient under *Middlesex* that constitutional claims may be raised in state-court judicial review of the administrative proceeding." *Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 629, 106 S.Ct. 2718, 2724, 91 L.Ed.2d 512 (1986). In *Dayton Christian Schools*, the Supreme Court was satisfied when Ohio law provided that any "respondent claiming to be aggrieved by a final order of the [Civil Rights] commission . . . may obtain judicial review thereof." *Id.* (citing Ohio Rev.Code § 4112.06). In fact, the section of the Ohio Code relied upon by the Supreme Court in *Dayton Christian Schools* suffers from the same alleged infirmities as I.C. 36–74–1009. Ohio Rev.Code § 4112.06, like I.C. 36–74–1009, does not provide for a trial *de novo* and requires the trial court to base its decision on the record of the administrative hearing and such additional evidence that the trial court deems necessary. Ohio Rev.Code § 4112.06(B) and (D); *May v. Ohio Civil Rights Com'n*, 58 Ohio App.3d 56, 57, 568 N.E.2d 716, 718 (1989). Ohio courts are also limited by statute to issuing "an order en-

forcing, modifying and enforcing as so modified, or setting aside in whole or in part, the order of the commission or remanding for further proceedings." Ohio Rev.Code § 4112.06(B). The Supreme Court nonetheless found that the state court judicial review provided for by § 4112.06 afforded the opportunity to raise constitutional challenges and therefore satisfied the requirements for *Younger* abstention. *Dayton Christian Schools,* 477 U.S. at 629, 106 S.Ct. at 2724.

While we are satisfied that the Marion Superior Court proceedings at issue in this case provide an adequate opportunity for Discovery House to litigate the merits of its ADA, Rehabilitation Act and Constitutional claims, I.C. 36–74–1009 does not permit the award of monetary damages, which Discovery House has sought in its federal Complaint. The fact that monetary damages are not available to Discovery House in the Marion Superior Court proceeding does not, however, mean that Discovery House's damages claims are not susceptible to *Younger* abstention. The Supreme Court has held that where the *Younger* doctrine requires abstention, a District court must stay rather than dismiss claims for monetary relief that cannot be redressed in the state proceeding. *Deakins v. Monaghan,* 484 U.S. 193, 202, 108 S.Ct. 523, 529, 98 L.Ed.2d 529 (1988); *see also Carroll v. City of Mount Clemens,* 945 F.Supp. 1071, 1075 (E.D.Mich.1996) (applying Sixth Circuit case law holding that "where the plaintiff seeks damages not otherwise available in the state proceeding along with an injunction, the proper remedy is not to dismiss the case, but rather to stay the federal court case pending the outcome of the related state proceedings.").

In order to properly serve the interests of comity and federalism embodied in the doctrine of *Younger* abstention, while at the same time preserving Discovery House's opportunity to recover any damages to which it may be entitled, we **bifurcate** Discovery House's claims for injunctive and declaratory relief from its damages claims. We abstain from exercising jurisdiction, under *Younger* and its progeny, over all of these claims, for to exercise jurisdiction would offend the principles of comity and federalism by depriving

the state court of the opportunity to resolve the issue whether the MBZA erred in determining that Discovery House's proposed methadone treatment facility is not a proper use in an HD–2 zoning district. We **dismiss** the injunctive relief and declaratory relief claims **with prejudice**, and **dismiss** the monetary damages claims and request for attorneys fees and costs **without prejudice** (the effective equivalent of a stay), so that Discovery House will not be foreclosed from seeking all the relief to which it might be entitled should the state court find for Discovery House on the merits of any of its claims.

Having determined that *Younger* abstention is appropriate, and having dismissed the Amended Complaint, Discovery House's motion for a preliminary injunction is also **denied.**