[Cite as *Muhammad v. Ohio Civ. Rights Comm.*, 2013-Ohio-3730.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99327**

# RAHEEM MUHAMMAD

PLAINTIFF-APPELLANT

vs.

# OHIO CIVIL RIGHTS COMMISSION

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-793420

**BEFORE:** Rocco, J., Boyle, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 29, 2013

**APPELLANT**

Raheem Muhammad, Pro Se
P.O. Box 40251
Washington, D.C.   20016-0251

**ATTORNEYS FOR APPELLEE**

Michael DeWine
Ohio Attorney General
BY:   Patrick M. Dull
Principal Assistant Attorney General
Civil Rights Section
30 East Broad Street
15th Floor
Columbus, OH 43215

Karen Adonolfi
225 South Main Street
Akron, OH 44308

KENNETH A. ROCCO, J.:

**{¶1}** Petitioner-appellant Raheem Muhammad, proceeding pro se, appeals from the trial court order that granted the Civ.R. 12(B)(1) motion to dismiss his complaint that respondent-appellee the Ohio Civil Rights Commission (the "OCRC") filed.

**{¶2}** Appellant presents two assignments of error. He claims the trial court wrongfully dismissed his action and further claims that the Ohio Civil Rules that apply to service of actions filed pursuant to R.C. 4112.06(B) are unconstitutional.

**{¶3}** A review of the App.R. 9(A) record renders his first assignment of error unpersuasive. Moreover, the record reflects appellant failed to raise in the trial court the argument he makes in his second assignment of error; therefore, he has waived it for appellate purposes. Consequently, both of his assignments of error are overruled, and the trial court's order is affirmed.

**{¶4}** On September 28, 2012, appellant filed this action, pro se, in the common pleas court as a petition for judicial review of the OCRC decision mailed to him on September 6, 2012. The OCRC decided that there was "no probable cause" for it "to issue an administrative complaint accusing [T.D. Security Ltd., Inc.] of an unlawful discriminatory practice." The OCRC instead decided to dismiss appellant's complaint.

**{¶5}** In the caption of his petition, appellant named as the respondents in this action *only* the OCRC and several of its representatives. He merely alleged that his petition referred to the OCRC case of "Raheem Muhammad vs. T D. Security Limited, Incorporated, et al." He further alleged the OCRC's decision was "wrongfully entered,"

that the decision was entered "without any input" from him, that he was "aggrieved" by the decision, and that the decision was unsupported by law.

**{¶6}** He attached to his petition a copy of the OCRC's decision that determined the action of appellant "v. T.D. Security Limited, Inc." The OCRC stated that it "found no information or records that would raise an inference that [T.D. Security Ltd., Inc.] unlawfully discriminated against" appellant. The OCRC informed appellant that his "right to obtain judicial review of this order and the mode and procedure thereof is set forth in R.C. 4112.06," and "advised [him] to consult an attorney" on the process.

**{¶7}** Appellant also attached a "certificate of service" of his petition, stating that a copy had been:

> served upon the following person(s) by either **HAND DELIVERY AND/OR BY FACSIMILE AND/OR BY UNITED STATES FIRST CLASS MAIL, POSTAGE PREPAID** on this **25th** day of **September, 2012**:
>
> President Barack Hussein Obama * * *
>
> Governor John R. Kasich * * *
>
>
> Chairman * * * ; Executive Director * * * ; **et al**. of the [OCRC] * * *
>
> * * * T. D. Security Limited Incorporated * * *

**{¶8}** Appellant attached to his petition a letter addressed to the clerk of court. Therein, he "**DEMAND[ED]**" that the clerk locate some documents appellant previously had sent, and notified the clerk that he was submitting the current petition "with regards to the Ohio Civil Rights Commission" and its decisions "pertaining to TD Security Limited Incorporated of Cleveland, Ohio, dated: July 19,

2012; received: August 8, 2012 and mailed: September 6, 2012." Appellant further stated that he intended to sue the clerk personally "in federal court."

{¶9} The record reflects the clerk of court sent summons to the named "defendant," i.e., OCRC, by certified mail. On October 22, 2012, the OCRC received such service of appellant's petition.

{¶10} On November 5, 2012, the OCRC filed a notice of appearance in the action. Two days later, the OCRC filed a Civ.R. 12(B)(1) motion to dismiss appellant's petition. The OCRC argued that dismissal was appropriate because appellant had failed to initiate service of his petition on T. D. Security Ltd., Inc., the other party to the administrative action, as required by R.C. 4112.06.

{¶11} On November 14, 2012, appellant filed a "motion to strike" the OCRC's "**<u>FRIVOLOUS</u>**" motion to dismiss his action. Appellant ignored both the OCRC's basis for its motion and the clerk's file stamp by arguing that his petition was filed on "October 12, 2012." This, however, was the date he paid a fee for filing his affidavit of poverty in this action. Moreover, this date would have made his petition untimely pursuant to R.C. 4112.06.

{¶12} On November 21, 2012, the OCRC filed an opposition brief to appellant's motion to strike, pointing out the latter difficulty with appellant's argument.

{¶13} On December 6, 2012, the trial court issued an order dismissing appellant's petition with prejudice. The court's journal entry stated that appellant's failure to "initiate service through the clerk of court upon T. D. Security Limited, Inc. within thirty days of the Commission mailing its final order on September 6, 2012" deprived the court of jurisdiction to consider appellant's petition.

{¶14} Appellant appeals from the foregoing order and presents the following two assignments of error.

**I.  The trial court judge erred, as a matter of law, by <u>wrongfully dismissing</u> plaintiff-appellant's petition for judicial review pursuant to Ohio's Revised Code Section 4112.06(B) and under Civ.R. 12 (B)(6) [sic] for an alleged failure by the plaintiff-appellant to initiate service through the clerk of court upon all parties to the administrative action.**

**II.  The Ohio rules of court that requires [sic] that an individual perfects [sic] service on all parties to the administrative action is irrefutably unconstitutional since it blatantly violates the Equal Protection and Due Process Clauses of the United States Constitution's Fourteenth Amendment.**

{¶15} In his first assignment of error, appellant argues that the trial court's order granting the OCRC's motion for dismissal was improper because the certificate of service he attached to his petition demonstrated that he "served" all the necessary adverse parties to his action.  Neither the contents of the record nor prior decisions of this court support his argument.

{¶16} Civ.R. 12(B)(1) applies to dismissal of actions due to lack of subject-matter jurisdiction. "Appellate review of a trial court's decision to dismiss a case pursuant to Civ. R. 12(B)(1) * * * is de novo." *Crestmont Cleveland Partnership v. Ohio Dept. of Health*, 139 Ohio App.3d 928, 936, 746 N.E.2d 222 (10th Dist.2000).  In a de novo review, this court applies the same standards as the trial court.  *GNFH, Inc. v. W. Am. Ins. Co.*, 172 Ohio App.3d 127, 2007-Ohio-2722,  873 N.E.2d 345, ¶ 16.

{¶17} In order to dismiss a complaint under Civ.R. 12(B)(1), the court must determine whether a plaintiff has alleged any cause of action that the court has authority to decide.  *Crestmont*, 139 Ohio App.3d at 936.  When a trial court determines its own subject-matter jurisdiction, the court "has authority to consider any pertinent evidentiary materials."  *Nemazee v. Mt. Sinai Med. Ctr.*, 56 Ohio St.3d 109, 564 N.E.2d 477 (1990),

fn. 3.   In this case, appellant attached to his petition a copy of the OCRC's decision in the matter of appellant's complaint against T.D. Security Limited, Inc.

{¶18} R.C. 4112.06 sets forth the statutory requirements for judicial review of OCRC orders.   In pertinent part, that statute states:

> (A) Any complainant, or respondent claiming to be aggrieved by a final order of the commission, * * *   may obtain judicial review thereof * * * in a proceeding *as provided in this section.*  Such proceeding shall be brought in the common pleas court of the state within any county wherein the unlawful discriminatory practice which is the subject of the commission's order was committed  * * *  .

> (B) Such proceedings shall be initiated *by the filing of a petition in court as provided in division (A)* of this section *and* the *service of a copy of the said petition upon the commission and upon all parties who appeared before the commission.* * * * The court *shall thereupon have jurisdiction of the proceeding* and of the questions determined therein, and shall have power to grant such temporary relief, restraining order, or other order as it deems just and proper * * * .

> * * *

> (H) If *no proceeding to obtain judicial review is instituted* by a complainant, or respondent *within thirty days from the service of order of the commission pursuant to this section*, the commission may obtain a decree of the court for the enforcement of such order upon showing that respondent is subject to the commission's jurisdiction and resides or transacts business within the county in which the petition for enforcement is brought.   (Emphasis added.)

{¶19} The Ohio Supreme Court has held that the requirements of R.C. 4112.06 are

jurisdictional. *Ramsdell v. Ohio Civ. Rights Comm.*, 56 Ohio St.3d 24, 27-28, 563 N.E.2d 285 (1990) (" * * * when the right to appeal is conferred by statute, the appeal can be perfected only in the mode prescribed by statute.") The *Ramsdell* court further stated:

> As the court of appeals recognized in *Gray v. Ohio Civil Rights Comm.* (1987), 37 Ohio App. 3d 16, 17, 523 N.E. 2d 338, 339, open-ended statutes of limitation are contrary to public policy.
> * * * [I]f R.C. 4112.06(H) does not impose a mandatory thirty-day time limit on commission appeals, a party seeking to appeal a commission order would be free to file a petition for review at any time. Under such a regime, it is conceivable that the courts would be asked to review commission orders months or even years after their issuance, when the evidence had become stale and the parties had died or disappeared. It is highly improbable that the legislature intended such a result when it enacted the governing legislation for the Civil Rights Commission. Consequently, this court rejects the appellant's argument that R.C. 4112.06(H) does not impose a *mandatory thirty-day time limit* for filing appeals from commission orders. (Emphasis added.)

**{¶20}** The *Ramsdell* court also considered the applicability of the civil rules to the mandatory 30-day requirement for filing appeals from the OCRC's decision. Citing this court's opinion in *Cleveland v. Ohio Civ. Rights Comm.*, 43 Ohio App.3d 153, 540 N.E.2d 278 (8th Dist.1988), the Supreme Court indicated that, while the civil rules cannot be used to extend the jurisdictional time period, the rules indeed may apply after the petition for review is filed in the common pleas court. *Ramsdell*, at 27-28; *compare Lovalenti v. Piping Industry Training Ctr.*, 6th Dist. Lucas No. L-00-1222, 2000 Ohio App. LEXIS 6065 (Dec. 22, 2000) (petitioner cannot invoke Civ.R. 15(C) to extend trial court's jurisdiction).

**{¶21}** This court in *Cleveland* held in pertinent part:

The Rules of Civil Procedure apply to an action commenced in common pleas court pursuant to R.C. 4112.06. *Abbyshire Constr. Co. v.. Civil Rights Comm.* (1974), 39 Ohio App. 2d 125, 68 O.O. 2d 319, 316 N.E. 2d 893. R.C. 4112.06 is silent as to whether the petition initiating the appeal must be served through the clerk of courts. However, *a de novo hearing of a Civil Rights Commission decision on the merits is clearly adversarial in nature. Therefore, Civ. R. 3(A) and Civ. R. 4(A) and (B) apply* absent a good and sufficient reason not to apply those rules. We cannot find such good and sufficient reason.

* * *

[T]he case *sub judice* does not involve a defect in notice; rather, it involves a failure of *proper* service. *Failure of proper service is not a minor, hypertechnical violation of the rules.* Such failure is in direct contravention of the Rules of Civil Procedure.

* * *

* * * In order to commence its action, which is fundamental to any adjudication, *appellant was required to serve opposing parties with a summons and complaint through the clerk of courts.* See Civ. R. 3 and 4. (Emphasis added.)

**{¶22}** This court's decision in *Cleveland* compels the same outcome in this case. Because the record reflects appellant never initiated proper service on a necessary party, viz., T.D. Security Ltd., Inc., within the 30-day time period set forth in R.C. 4112.06(B) through the clerk of court, the trial court lacked jurisdiction over his petition. Under these circumstances, the trial court properly dismissed appellant's petition. *Ramudit v. Fifth Third Bank*, 1st Dist. Hamilton No. C-030941, 2005-Ohio-374, ¶ 11.

**{¶23}** Appellant's first assignment of error, accordingly, is overruled.

**{¶24}** Perhaps in anticipation of this court's unfavorable disposition of his first assignment of

error, appellant argues in his second assignment of error that requiring him to comply with the Ohio Civil Rules as to service of his petition violates his constitutional rights. *But see May v. Ohio Civ. Rights Comm.*, 58 Ohio App.3d 56, 568 N.E.2d 716 (1st Dist.1989). However, appellant never raised this argument in the trial court, so he has waived it for appellate purposes. *Thompson v. Preferred Risk Mut. Ins. Co.*, 32 Ohio St.3d 340, 342, 513 N.E.2d 733 (1987); *Hous. Advocates, Inc. v. Am. Fire & Cas. Co.*, 8th Dist. Nos. 86444 and 87305, 2006-Ohio-4880, ¶ 33. Consequently, his second assignment of error also is overruled.

**{¶25}** The trial court's order is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

MARY J. BOYLE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR