GRAY, APPELLANT, *v.*
OHIO CIVIL RIGHTS COMMISSION
ET AL., APPELLEES.

(No. 86AP-722—Decided May 5, 1987.)

*Twyford & Donahey* and *Gerald P. Wolfe II,* for appellant.
*Anthony J. Celebrezze, Jr.,* attorney general, and *Sherrie J. Passmore,* for appellee Ohio Civil Rights Comm.
*Michael D. Cullins,* for appellee Roadway Express, Inc.

YOUNG, J. This matter is before us on an appeal from a judgment of the Franklin County Court of Common

Pleas in favor of the Ohio Civil Rights Commission. Appellant, Donald Gray, filed discrimination charges against his employer, Roadway Express, Inc. ("Roadway"). He alleged in these charges that Roadway terminated his employment due to a physical handicap. After a public hearing, the Civil Rights Commission's hearing examiner recommended that the complaint be dismissed. Therafter, the full commission voted to sustain the dismissal. On July 23, 1985, the commission mailed a copy of the final order to appellant and his attorney. The appellant filed a petition for judicial review on August 26, 1985. The Franklin County Court of Common Pleas sustained appellees' motions to dismiss on the basis that the petition was not timely filed.

In the section "Law and Argument," appellant's brief asserts:

"Ohio Revised Code Section 4112.06 does not impose a mandatory thirty-day time requirement in which to file an appeal from a final order of the Ohio Civil Rights Commission."

In comparing the statutory language of R.C. 4112.06(H) with the language of R.C. 4141.28(O), the language of R.C. 4112.06(H) is not as emphatic in requiring a mandatory, thirty-day time requirement in which to file an appeal. However, it is unlikely that the legislature's intent was to establish an open-ended statute of limitations, which is clearly against public policy. Also, it is unlikely that the legislature intended the trial court to conduct a *de novo* review.

R.C. 4112.06(H) states as follows:

"If no proceeding to obtain judicial review is instituted by a complainant, or respondent within thirty days from the service of order of the commission pursuant to this section, the commission may obtain a decree of the court for the enforcement of such order upon showing that respondent is subject to the commission's jurisdiction and re-

sides or transacts business within the county in which the petition for enforcement is brought."

Accordingly, R.C. 4112.06(H) sets forth a time period or grace period within which the complainant can act and the commission cannot. This section also creates jurisdiction in the common pleas court only when the aggrieved party has filed a petition for review within thirty days of the service of the final commission order. It is only during this thirty-day period, following the service of this final order, that the complainant may exercise his right to petition for judicial review. However, the commission is unable to enforce its order during this same time frame.

Once the thirty days have passed, the commission is able to seek an enforcement of its order. It necessarily follows that the commission's right to enforce such orders causes the complainant to relinquish his right to seek a petition for judicial review.

Upon review of the federal legislation and similar legislation from other states in this same area of the law, there is no case law or statutory law to support appellant's position. See Section 2000e-16(c), Title 42, U.S. Code; *Canamore* v. *Tube Turns Div. of Chemetron Corp.* (Ky. App. 1984), 676 S.W. 2d 800. The spirit of the civil rights legislation requires that these laws be liberally construed. Thus, administrative appeals from agency orders would either be governed by R.C. 119.12 or R.C. 2505.07. R.C. 119.12 imposes a fifteen-day limitation and R.C. 2505.07(B) requires the appeal to be filed within ten days. Therefore, R.C. 4112.06(H) gives the most liberal construction to the time limit of appellant's appeal.

Appellant concedes that his appeal was filed beyond the thirty-day limitation pursuant to R.C. 4112.06(H). An individual who elects to proceed under the administrative provisions of R.C.

4112.01 *et seq.* is bound by the thirty-day time limitation of R.C. 4112.06(H). After service of the commission's order, the time limit for appeal, pursuant to R.C. 4112.06(H), is thirty days. Service of the order is defined in Ohio Adm. Code 4112-1-01(M) which states that "service" is complete upon mailing. In the instant case, the commission mailed the order on July 23, 1985. Therefore, when appellant filed his appeal on August 26, 1985, he was beyond the thirty-day time requirement for filing such an appeal pursuant to R.C. 4112.06(H).

There are several recent appellate court decisions which interpret R.C. 4112.06(H). In *Walters* v. *Sears, Roebuck & Co.* (Aug. 15, 1986), Wood App. No. WD-86-6, unreported, the Sixth District Court of Appeals held at 5-6 that:

"In following this line of cases, this court finds that appellant has not complied with the strict requirements of the statute that has conferred his right of appeal. Therefore, the Wood County Court of Common Pleas did correctly grant the OCRC's motion to dismiss on the ground that the appellant's petition for judicial review was not timely filed. * * *"

The facts of the *Walters* case are that the appellant filed a complaint with the OCRC alleging discrimination as a result of appellant's handicap. The OCRC found there was insufficient evidence on which to issue a complaint against Sears. The appellant requested reconsideration which was denied and notice of the final decision and order was mailed to the appellant on April 15, 1985 and received by the appellant on April 16, 1985. The appellant petitioned the Wood County Court of Common Pleas on May 16, 1985 for judicial review pursuant to R.C. 4112.06(H) and the Wood County Court of Common Pleas dismissed the petition on the basis that R.C. 4112.06(H) permits

appeal only within thirty days after notice of the OCRC decision.

Virtually the same fact pattern was presented to the Court of Appeals for the Fifth Appellate District in the case of *Schumacker* v. *Pinkertons, Inc.* (Jan. 28, 1986), Stark App. No. CA 6465, unreported. The Fifth Appellate District also held that the thirty-day limitation as set forth in R.C. 4112.06(H) applied. In an opinion that denied the appellant the right to a judicial review, the notice of appeal had been filed more than thirty days after the notice of the order and entry had been mailed to the appellant.

More recently in the case of *Makiaris* v. *Ohio Civil Rights Comm.* (Jan. 15, 1987), Cuyahoga App. No. 51548, unreported, Judge Markus stated at 1 that:

"The employee argues here that his complaint asserts an independent discrimination action, rather than an untimely appeal from the commission's adverse ruling. Alternatively, he contends that the appeal time did not run because the commission did not advise him about the time allowed to appeal its ruling.

"We hold that the employee's administrative claim was his sole remedy for alleged handicap discrimination. Ohio recognizes no independent civil action for such a claim. The only procedure to challenge the commission's ruling is an appeal pursuant to R.C. 4112.06, and this employee did not appeal in the time allowed by law. The commission did notify him about his right to appeal its ruling and had no duty to specify the time for that appeal. Hence, we affirm the trial court's judgment."

While Judge Markus does not specifically address the question of the thirty-day limitation on the time of appeal as did *Walters, supra,* and *Schumacker, supra,* he did comment on the applicability of R.C. Chapter

4112 on the charge of handicap discrimination:

"The code establishes an administrative remedy for employment handicap discrimination. R.C. 4112.01(A), 4112.05. It creates an independent civil action for discriminatory housing practices. R.C. 4112.051. It also establishes an independent civil action for employment age discrimination. R.C. 4101.17, 4112.02(N). However, the code provides no civil action beyond an appeal from the commission's decision for any other type of employment discrimination. *Howard* v. *State Farm Ins.* (1978), 61 Ohio App. 2d 198, 203; see *Morris* v. *Kaiser Engineering, Inc.* (1984), 14 Ohio St. 3d 45, 48. The employee's sole remedy here was his administrative claim.

"* * *

"The trial court referred to R.C. 4112.06(H) as allowing thirty days for an appeal from that decision. While this district has not resolved that question, at least one other district has similarly construed that subsection. *Schumacker* v. *Pinkertons, Inc.* (Jan. 28, 1986), Stark Co. App. No. CA 6465, unreported. Several other trial courts have reached the same conclusion. *Orris* v. *Ohio Civ. Rights Comm.* (Sept. 13, 1982), Lake Co. Com. Pl. No. 81-CIV-944, unreported; *Perez* v. *Ohio Civ. Rights Comm.* (Sept. 16, 1981), Ottawa Co. Com. Pl. No. 21020, unreported; *Barrison* v. *Ohio Civ. Rights Comm.* (Jan. 6, 1984), Seneca Co. Com. Pl. No. 41659, unreported; *Walters* v. *Sears, Roebuck and Co.* (Jan. 23, 1986), Wood Co. Com. Pl. No. 85 CIV 181, unreported; *Gillespie* v. *Ohio Civ. Rights Comm.* (Sept. 16, 1981), Butler Co. Com. Pl. No. CV81070719, unreported; *Tenyak* v. *P.P.G. Indus.* (Dec. 18, 1980), Summit Co. Com. Pl. No. 80-0-2398, unreported." *Makiaris*, at 3-5.

Accordingly, the trial court did not abuse its discretion in granting appellees' motion to dismiss on the basis that the petition was not timely filed. *Angelkovski* v. *Buckeye Potato Chips Co.* (1983), 11 Ohio App. 3d 159, 11 OBR 242, 463 N.E. 2d 1280. The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P.J., concurs.

WHITESIDE, J., dissents.

WHITESIDE, J., dissenting. Being unable to agree with the majority, I must respectfully dissent. Under the circumstances herein, I would find that appellant timely filed an action in the common pleas court pursuant to R.C. 4112.06.

At the outset, the trial court and the majority confused the review proceedings contemplated by R.C. 4112.06 with a direct appeal such as that provided by R.C. 4141.28(O) and by R.C. 119.12 from administrative actions. In short, R.C. 4112.06 does not provide for an appeal, whether upon questions of law or upon questions of law and fact, from a decision of the Civil Rights Commission. Rather R.C. 4112.06 contemplates the filing of a new independent action in the common pleas court, R.C. 4112.06(A) expressly providing that an aggrieved party "may obtain judicial review" of a commission order, or the commission "may obtain an order of court for the enforcement" of its orders, in a proceeding brought in the common pleas court of any county in which the unlawful discriminatory practice was committed or the person guilty of the unlawful discriminatory practice resides or transacts business. In other words, an original civil action must be commenced in an appropriate county, and both the employee and the employer have a choice of several dif-

ferent counties in which to commence the action dependent upon the facts involved. In any event, the proceedings to review are commenced by the filing of an independent civil action in an appropriate court of common pleas, not by a direct appeal from the order of the commission, even though the statutory method of review is similar to some appeal methods. The confusion between judicial review and direct appeal is further exemplified by the majority's reference to and reliance upon federal authority since under federal law there is only judicial review by original actions, never direct appeal.

There is no time limitation specified in R.C. 4112.06 for the bringing of the action, whether it be brought by a complainant, respondent, or by the commission itself pursuant to R.C. 4112.06. R.C. 4112.06(B) expressly provides that the "proceedings shall be initiated by the filing of a petition in court * * * and the service of a copy of the said petition upon the commission and upon all parties who appeared before the commission." The commission is required to file a transcript of the evidence, and R.C. 4112.06(E) provides that the factual findings of the commission "shall be conclusive if supported by reliable, probative, and substantial evidence."

Nowhere in R.C. 4112.06 or elsewhere is there an express limitation upon the time that either a complainant, respondent, or the commission itself must file such a proceeding in the court of common pleas, such proceedings being for review of the commisson order if brought by a complainant or respondent and for enforcement of the commission order if brought by the commission itself. The procedure, however, is the same whether the action be for review or for enforcement.

However, there is a limitation upon the time that the commission may commence an action for enforcement of its order, R.C. 4112.06(H) providing that "the commission may obtain a decree of the court for enforcement of such order upon showing that respondent is subject to the commission's jurisdiction and resides or transacts business within the county in which the petition for enforcement is brought." However, R.C. 4112.06(H) further provides the commission may commence such an action only "[i]f no proceeding to obtain judicial review is instituted by a complainant, or respondent within thirty days from the service of order of the commission." In other words, the plain meaning of R.C. 4112.06(H) is that the commission may not commence an action for enforcement of its order until thirty days have elapsed since service of its order (nor even at that time if a petition for review has been filed by a complainant or respondent).

There is nothing, however, in R.C. 4112.06(H) requiring that a petition to obtain judicial review be filed within thirty days after service of the order. Clearly, had this been the intent of the legislature, the section could have been written to provide specifically in R.C. 4112.06(A), (B), or (H) that a complainant or a respondent is required to file a petition for review within thirty days after service of the commission order. For whatever reason, the legislature determined not to insert such a requirement in the statute, and it is improper for this court to legislate and insert the provision into the statute by judicial fiat.

It must be noted that the thirty-day period during which the commission may not commence enforcement proceedings commences with the date of service of the commission order upon the respondent and complainant. R.C. 4112.05(G) provides that the service of findings of fact and conclusions of law of the commission shall be subject to the provisions of R.C. Chapter

119 when the findings are adverse to a respondent. Although R.C. 4112.05 (H) does not make specific reference to R.C. Chapter 119, complainants should be treated the same as respondents. Interestingly, however, R.C. 4112.05(I) provides that the commission may modify its findings at any time until a transcript of the record is filed in a court pursuant to R.C. 4112.06, which necessarily will be sometime after commencement of the proceedings for review. R.C. 119.09 provides that orders of administrative agencies must be served by certified mail, return receipt requested, upon affected parties and must include a statement of the time and method by which an appeal may be perfected. R.C. 119.12 provides that an appeal pursuant to that section must be commenced by filing a notice of appeal within fifteen days after the mailing of the notice of the agency's order.

Here, the commission mailed its order on July 23, 1985. The petition for judicial review was filed in the Franklin County Court of Common Pleas on August 26, 1985. That court sustained a motion to dismiss upon the grounds that the petition was not timely filed. In support of its motion to dismiss, the commission submitted an affidavit indicating that the final order was mailed to counsel for appellant Gray on July 23, 1985, and that it was received by counsel on July 24, 1985, a certified mail receipt being attached showing receipt by counsel. However, there is nothing in this record indicating that appellant Gray was himself served with notice of the commission order as expressly required by statute.

As noted above, R.C. 4112.05(G) and (H) require service of a copy of the commission order either upon the complainant or respondent, depending upon the determination of the commission. Here, rather than serving a copy upon the complainant, the commission served a copy upon the complainant's attorney. As noted above, R.C. 4112.05(G) specifically refers to R.C. Chapter 119, and R.C. 119.09 specifically requires service of an agency order upon the party affected by certified mail and further requires that a copy of the order be mailed to the attorney or other representative representing the party. There is nothing in R.C. Chapter 4112 suggesting that the required service of notice of an order may be effected solely by mailing a copy to the attorney for a party. Rather, the statute requires service of actual notice (by certified mail) upon the party himself, which service, in accordance with R.C. 119.09, must be accompanied by mail notification to the party's attorney. Since there is nothing in the record herein indicating that the order of the commission has been served upon the complainant, the time in which appellant Gray was entitled to commence an action for judicial review of the commission order had not yet expired, even assuming that somehow it had commenced to run.

Additionally, however, R.C. 4112.06(H) does not specifically or inferentially require that an action to review a commission order be filed within thirty days after service of such order. Rather, such section precludes the commission from seeking an enforcement order for thirty days after such service. This does not mean, however, that the time for filing an action to review the commission order is unlimited. Rather, inferentially the statute contemplates that the right of a complainant or of a respondent to commence an action to review a commission order will expire when the commission files an action for enforcement of its order, which the commission is precluded from doing for a thirty-day period following service of its order. To impose a thirty-day mandatory requirement by judicial amendment to

22

the statute not only is patently improper but is contrary to the obvious statutory scheme evinced by R.C. 4112.06.

The majority's reliance upon the alleged legislative intent not to establish an open-ended statute of limitations is mere bootstrapping. Not only is there no statutory or other basis for the intent, but the result of the majority opinion is an open-ended, time unlimited right of the commission to commence enforcement proceedings coupled with a disparate thirty-day limitation upon parties to object to the commission findings. Such an unfair limitation upon the right of a party to contest the commission finding should be imposed only where clearly expressed by statutory mandate. Thus, under the majority ruling, a party has less than thirty days to commence an original action to contest a commission finding, but, after waiting thirty days, the commission has an unlimited time within which to commence enforcement proceedings. Thus, the commission could wait years before commencing enforcement proceedings as to which the party who had relied upon the obvious and plain meaning of the statute will have lost any right to review because of judicial fiat, not legislative enactment.

The majority's reliance upon cases decided in other districts is misplaced. None of those cases involved or determined the issue before us. Rather, in each it was assumed that there was a right of appeal provided it was filed within thirty days. There is neither a statutory right of appeal nor a thirty-day limitation.

Accordingly, I would sustain the assignment of error, reverse the judgment of the Franklin County Court of Common Pleas, and remand for further proceedings.