RAMSDELL, APPELLANT, *v.* OHIO CIVIL RIGHTS COMMISSION ET AL., APPELLEES.

[Cite as Ramsdell *v.* Ohio Civil Rights Comm. (1990), 56 Ohio St. 3d 24.]

(No. 89-1438—Submitted October 2, 1990—Decided December 5, 1990.)

*D. Rubino* and *Keith S. Mesirow,* for appellee Ohio Civil Rights Commission.

*Spangler, Nathanson, Heyman, McCarthy & Durfee* and *James M. Sciarini,* for appellees Washington Local School Board and Kenneth E. Bishop.

ALICE ROBIE RESNICK, J. The interpretation of the Ohio Civil Rights Commission's governing statute and accompanying Administrative Code provisions is at issue in this case. Reading R.C. 4112.06(H) in conjunction with the correlative Administrative Code provisions, the court of appeals found that a petition for judicial review of a commission order must be filed within thirty days of the mailing of the order and that the thirty-day filing period may not be extended by application of the Ohio Rules of Civil Procedure. For the reasons which follow, we affirm the findings of the court of appeals.

Appellant claims that the thirty-day period for filing a petition for judicial review of a commission order is not mandatory. We disagree. R.C. 4112.06(H) provides in relevant part: "If no proceeding to obtain judicial review is instituted by a complainant,

*Gary E. Horn,* for appellant.
*Anthony J. Celebrezze, Jr., Joseph*

or respondent within thirty days from the service of order of the commission pursuant to this section, the commission may obtain a decree of the court for the enforcement of such order * * *." It is conceded that R.C. 4112.06(H) does not literally state that an action *must* be filed within thirty days of service of a commission order. However, such an interpretation necessarily follows from the practical operation of the statute.

During the thirty days following service of an order, either party is free to file a petition for review and the commission may neither block the action nor take affirmative action of its own. However, once the thirty-day period has passed, the commission is free to obtain judicial enforcement of its order. Consequently, if either party filed a petition for review more than thirty days after service of the order, the commission could simply nullify it by requesting a decree enforcing its order. By the terms of R.C. 4112.06 (H), the commission's request would be granted and the parties would have no choice but to abide by the order.

Public policy considerations suggest that this interpretation of R.C. 4112.06(H) is correct. As the court of appeals recognized in *Gray* v. *Ohio Civil Rights Comm.* (1987), 37 Ohio App. 3d 16, 17, 523 N.E. 2d 338, 339, open-ended statutes of limitation are contrary to public policy. However, if R.C. 4112.06(H) does not impose a mandatory thirty-day time limit on commission appeals, a party seeking to appeal a commission order would be free to file a petition for review at any time. Under such a regime, it is conceivable that the courts would be asked to review commission orders months or even years after their issuance, when the evidence had become stale and the parties had died or disappeared. It is highly improbable that the legislature intended such a result when it enacted the governing legislation for the Civil Rights Commission. Consequently, this court rejects the appellant's argument that R.C. 4112.06 (H) does not impose a mandatory thirty-day time limit for filing appeals from commission orders.

Having determined that the thirty-day filing period set forth in R.C. 4112.06(H) is mandatory, we must next decide when that thirty-day period begins to run. R.C. 4112.06(H) gives a party "thirty days from the service of order" to file a petition for review. Unfortunately, R.C. 4112.06 (H) does not define the term "service." Thus, we are required to look outside the provision to determine its meaning.

R.C. 4112.04, which addresses the powers and duties of the Ohio Civil Rights Commission, provides in subsection (A)(4) that the commission shall "[a]dopt, promulgate, amend, and rescind rules to effectuate the provisions of sections 4112.01 to 4112.08 of the Revised Code, and the policies and practices of the commission in connection therewith[.]" Pursuant to this statutory authority, the commission adopted Ohio Adm. Code 4112-1-01 (M), which stated unequivocally that "[s]ervice by mail is complete upon mailing." (See current Ohio Adm. Code 4112-1-09 for this provision.) Applying this definition of service to R.C. 4112.06(H), a party has thirty days after the mailing of a final order of the commission to file a petition for review with the court of common pleas. In the case at bar, the final order of the commission was mailed on May 31, 1988 and appellant did not file her petition for review until July 1, 1988, more than thirty days after the mailing of the order. Consequently, if the definition of "service" in Ohio Adm. Code 4112-1-01(M) is applied, appellant's claim is time-barred and was properly dismissed by the trial court.

Appellant rejects this analysis, claiming that the definition of "service" in Ohio Adm. Code 4112-1-01(M) is inapplicable to appeals from commission orders. In support of her contention, appellant cites *Roadway Express, Inc.* v. *Ohio Civil Rights Comm.* (Aug. 3, 1988), Summit App. No. 13403, unreported. In that case, the court stated that the definition of "service" in Ohio Adm. Code 4112-1-01(M) applies solely to rules promulgated by the commission and cannot be used to explain the use of the term in R.C. Chapter 4112. Instead, the court held, it is necessary to refer to Civ. R. 4.1 to define the term "service."

We perceive several serious problems with the holding in *Roadway Express, supra.* First, it ignores the fact that R.C. 4112.04(A)(4) empowers the commission to adopt rules to effectuate R.C. 4112.01 through 4112.08. Pursuant to R.C. 4112.04, the commission has adopted a series of regulations. However, these regulations cannot be read in isolation. By the terms of R.C. 4112.04, the regulations are designed to give meaning both to the policies and to the practices relative to R.C. 4112.01 through 4112.08. Since the term "service" is used but not defined in those provisions, a definition must be supplied in order to "effectuate" them. The commission supplied that definition when it adopted Ohio Adm. Code 4112-1-01(M). Beyond offering a narrow and wooden reading of Ohio Adm. Code 4112-1-01, the *Roadway Express* court provided no persuasive rationale for not applying the definition of "service" in Ohio Adm. Code 4112-1-01(M) to claims brought pursuant to R.C. 4112.06(H).

The second problem with the holding of the court of appeals in *Roadway Express* is that the court engaged in judicial legislation by applying Civ. R. 4.1 to appellant's claim. Civ. R. 4.1(1) states that "[e]videnced by return receipt signed by any person, service of any process shall be by certified mail unless otherwise permitted by these rules." The other two modes of service delineated in Civ. R. 4.1 are personal "service" and residence service. If the commission is required, as appellant contends and as the *Roadway Express* court held, to abide by the definition of "service" in Civ. R. 4.1, then in every case the commission would be required to send its final order by certified mail. Additionally, the commission could be called upon to deliver notice of the claim in person or at the claimant's residence if the claimant so requests. This court would have no difficulty placing such a duty on the commission if the commission had not provided its own definition of "service." Since the commission specifically determined that service by mail would be complete upon mailing, this court will not impose additional regulations upon the commission for the effectuation of service.

We recognize that a requirement that service be delivered by certified mail and declared effective upon receipt would be far more equitable to the parties involved. If the commission were required to serve all of its orders by certified mail, the time period for filing a petition for judicial review would not begin to run until receipt of the order. This would standardize the notification procedure, ensuring that all parties receive the same amount of time for filing an appeal. In addition, it would eliminate the possibility that a party would not receive notice of a claim until the time for filing had expired. However, in the absence of a mandate from the legislature requiring the commission to employ certified mail in all cases, this court is unwilling to impose such a requirement by judicial fiat.

Appellant additionally argues that even if the definition of "service" contained in Ohio Adm. Code 4112-1-01 (M) applies, her claim should not be dismissed as untimely filed. To support this contention, appellant cites Ohio Adm. Code 4112-1-02, which is entitled "Computation of Time." That section provided that "[e]xcept where provided otherwise in these rules the computation of a period of time shall be made in conformity with Rules 6(A) and (E), Ohio Rules of Civil Procedure." Civ. R. 6(E) provides that "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period."

Appellant's claim was mailed on May 31, 1988 and her petition for review was filed on July 1, 1988. If three days had been appended to the thirty-day period prescribed by R.C. 4112.06(H), then appellant would have had thirty-three days after the mailing of the order, or until July 3, 1988, to file her petition for review. Thus, appellant contends, under Ohio Adm. Code 4112-1-02, and by reference, Civ. R. 6(E), her petition for review was timely filed and the trial court committed prejudicial error in dismissing it.

While the appellant's argument is internally consistent, it suffers from a failure to apprehend the proper scope of the Ohio Rules of Civil Procedure. It is true that the rules are not categorically inapplicable to appeals from administrative orders. Under Civ. R. 1(C), the rules apply unless they are "by their nature * * * clearly inapplicable." As the court of appeals stated in *Cleveland* v. *Ohio Civil Rights Comm.* (1988), 43 Ohio App. 3d 153,

155, 540 N.E. 2d 278, 280, quoting the Staff Notes to the July 1, 1971 amendment to Civ. R. 1(C), " ' * * * the Civil Rules will be applicable to special statutory proceedings adversary in nature unless there is a good and sufficient reason not to apply the rules.' " Accord *Price* v. *Westinghouse* (1982), 70 Ohio St. 2d 131, 24 O.O. 3d 237, 435 N.E. 2d 1114. The decisions of this court, going both ways on the question of the applicability of the Civil Rules, suggest that the question must be decided on a case-by-case basis, depending on the statute involved.

We have always considered it to be fundamental that when the right to appeal is conferred by statute, the appeal can be perfected only in the mode prescribed by statute. *Zier* v. *Bur. of Unemployment Comp.* (1949), 151 Ohio St. 123, 38 O.O. 573, 84 N.E. 2d 746; *Proctor* v. *Giles* (1980), 61 Ohio St. 2d 211, 15 O.O. 3d 227, 400 N.E. 2d 393. In *Proctor, supra,* which involved an appeal from a decision of the Unemployment Compensation Board of Review, we held that where the time for filing an appeal is dictated by the statute which confers the right of appeal, Civ. R. 6(E) cannot be applied to extend the time for filing. Specifically, we held that the application of Civ. R. 6(E) would violate Civ. R. 82, which states that "[t]hese rules shall not be construed to extend or limit the jurisdiction of the courts of this state." Where the time for filing an appeal is mandatory, as it is in the statute governing appeals to the Unemployment Compensation Board of Review discussed in *Proctor* and as it is in R.C. 4112.06(H), compliance with the filing requirement is necessary to invoke the jurisdiction of the court of common pleas.

As previously discussed, R.C. 4112.06(H) requires a party to file a petition for review within thirty days

of the service of the order. The court of common pleas has jurisdiction to hear the appellant's claim only if the petition is filed within a thirty-day period. After that time, it may do nothing more than enforce the commission's order. If Civ. R. 6(E) were applied to give the appellant three additional days to file a petition, the court would have jurisdiction to hear the appeal for thirty-three days — contrary to the statute.

After the prescribed time has passed, the court lacks jurisdiction to hear the claim and the Civil Rules may not be applied to extend or reactivate jurisdiction. Thus, Civ. R. 6(E) may not be applied to grant the appellant three additional days to file her petition for review.[2] The trial court was correct in dismissing appellant's petition as untimely and the court of appeals properly affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

---

[2] We are cognizant of the fact that our decision effectively nullifies the application of Ohio Adm. Code 4112-1-02 to appeals from administrative orders. However, while administrative agencies have the power to adopt rules pursuant to a legitimate legislative delegation, they do not have the power to expand the jurisdiction of the civil courts beyond the bounds set by statute.