Appellants, Colorado Cattle Company, Chesterland Productions, and Chesterland Estates, appeal from a judgment of the Wayne County Court of Common Pleas that dismissed their administrative appeal because it was not timely filed. We affirm.
During March 1997, each of the appellants filed a complaint with appellee, the Wayne County Board of Revision ("board"), contesting the county auditor's valuation of parcels of real property they own. The board held a hearing on this issue on July 9, 1997. On July 31, 1997, the board issued its decision to decrease the appraised value of some of the parcels, but it did not change the appraised value of the others.
On August 6, 1997, the board sent its decisions by certified mail to each of the appellants at the following addresses: (1) "Chesterland Productions, P.L.L., 1516 Timken Road, Wooster, Ohio 44691," (2) "Chesterland Estates, P.L.L., 1516 Timken Road, Wooster, Ohio 44691," and (3) "Colorado Cattle Company, 543 Rifle Road, Wooster, Ohio 44691." This information was identical to the property owner information given in appellants' complaints. On August 8, 1997, return receipts were signed by individuals who were not agents or employees of appellants but who were employed by other entities at each address. Appellants contend that the decisions were never actually delivered to them, but they did later become aware of each decision.[1]
On September 4, 1997, appellants filed notices of appeal with the Wayne County Common Pleas Court. They did not also file with the board, but instead requested the clerk of the common pleas court to serve the board with copies of the notices of appeal. The board did not receive appellants' notices of appeal until September 12, 1997. The board, the county auditor, county treasurer, and a member of the board of county commissioners (collectively, "appellees"), moved the common pleas court to dismiss the appeals, contending that the court was without jurisdiction to hear them because appellants had failed to timely file their notices of appeal with the board.
Appellants responded in opposition, asserting that their appeal time did not begin running when the decisions were mailed on August 6, 1997, as the appellees maintained, because they did not actually receive the board's decisions. They argued that the board was required by statute to actually deliver the decisions to them and that their appeal time would not begin running until the time of receipt.
The common pleas court found that the board had complied with the statutory requirements for notifying appellants of its decisions. Consequently, the court found that appellants' notices of appeal were not timely filed with the board and dismissed the appeals. In a consolidated appeal, appellants raise three assignments of error.
Appellants' first and third assignments of error are discussed together because they are closely related. Appellants contend that their appeal time never began running because the board never actually served them with its decisions, as it was statutorily required to do. They rely on R.C. 5715.20, which required the board to "certify its action by certified mail to the person in whose name the property is listed[.]" Appellants contend that, because the statute directed the board to "certify" its decisions by certified mail, it was required to actually deliver the decisions to the property owners.
Appellants fail to cite any authority to support such a construction of this statute. Absent a statutory definition, words are construed according to their common usage. See R.C.1.42. "Certify" is commonly understood to mean to formally attest, confirm, verify, guarantee, or to present in formal communication. Webster's Third New International Dictionary (1961) 367. Despite appellants' argument to the contrary, the board's obligation to "certify" its decisions cannot be construed to include a requirement that it actually place its decisions in the hands of the property owners. The board was simply required to formally communicate its decisions by certified mail to the property owners.
Appellants cite Ramsdell v. Ohio Civ. Rights Comm. (1990),56 Ohio St.3d 24, in an attempt to support their position. Their reliance on Ramsdell is misplaced, however, for that case did not involve the construction of R.C. 5715.20 or the term "certify." Instead, it construed a different administrative appeal statute, R.C. 4112.06(H), which provides that the time to appeal an order of the civil rights commission is triggered by "service of [the] order." The appeal time in this case is governed by R.C. 5717.05, which explicitly provides that the thirty-day appeal time runs from the date "notice of the decision of the boards is mailed as provided in section 5715.20
of the Revised Code." (Emphasis added.) By the explicit terms of the statute, it is the date that the board mails the decision, not the date it is received, that commences the thirty-day appeal time.
The board sent its decisions by certified mail to each of the appellants at the exact name and address that each had given in its complaint as the property owner information. By sending the decisions to those names and addresses, the board complied with R.C. 5715.20. See Osborne v. Lake Cty. Bd. of Revision (Jan. 31, 1992), Lake App. No. 91-L-076, unreported. Moreover, the board had sent notice of the administrative hearing to those same addresses and appellants apparently received notice because they appeared at the hearing.
Because the board sent reasonable notice of its decisions to appellants, the fact that appellants did not actually receive them did not affect the validity of the decisions or the running of the appeal time. See Atkinson v. Grumman Ohio Corp.
(1988), 37 Ohio St.3d 80, paragraph two of the syllabus. Because the board mailed its decisions on August 6, 1997, the thirty-day period began running at that time. Appellants' notices of appeal were not filed with the board until September 12, 1997, which was beyond the expiration of their appeal time. The common pleas court properly dismissed their appeal as untimely. Appellants' first and third assignments of error are overruled.
Appellant's second assignment of error is that, even if the board complied with the statutory notice requirements, it violated their due process rights by failing to actually deliver the decisions to them. Because appellants failed to raise this challenge in the trial court, they have waived any right to raise it on appeal. See State v. Williams (1977),51 Ohio St.2d 112, paragraph one of the syllabus, vacated on other grounds (1978), 438 U.S. 911, 57 L.Ed.2d 1156. Moreover, even if appellants had preserved this issue for review, they have failed to cite any authority to demonstrate that due process required anything more than the reasonable notice provided by the board. See Atkinson, supra, at 85. Appellants' second assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for these appeals.
We order that a special mandate issue out of this Court, directing the County of Wayne, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
[1] Appellants' argument as to how the notices should have been addressed is unclear. On appeal, they argue that the addresses were incomplete, but do not specify how the notices should have been addressed. At the hearing below, they even suggested that the addresses were not correct.