OPINION
In the following accelerated calendar appeal, submitted on the record and briefs of the parties, appellants, Liquor Control Commission (hereinafter "LCC") and State of Ohio, Department of Liquor Control (hereinafter "DLC"), appeal from the Portage County Common Pleas Court decision to take jurisdiction of the administrative appeal of appellee, James Robinson, d.b.a. Jim Robinson's University Drive-Thru (hereinafter "Robinson").[1]
Having assumed jurisdiction, on October 7, 1998, the court entered judgment reversing and remanding a default judgment granted by the LCC against Robinson.
Robinson is a permit holder operating a drive-through beer store. He was charged with selling alcohol to a minor. As the question on appeal is whether the court properly assumed jurisdiction, the underlying facts which brought Robinson before the LCC are not at issue. The LCC held a hearing on April 23, 1998 with respect to Robinson's alleged violations of R.C. Chapter 4301. A default judgment was entered against Robinson. The LCC subsequently mailed its order on May 4, 1998. The order was a single page document containing the following statement:"
 NOTICE OF APPEAL RIGHTS "Respondent is hereby notified this order may be appealed pursuant to Ohio Revised Code Section 119.12 by filing a Notice of Appeal with the Court of Common Pleas with competent jurisdiction, setting forth the Order appealed from and the grounds of the appeal. A copy of such notice shall also be filed with the Ohio Liquor Control Commission. Such Notice of Appeal must be filed within twenty-one (21) days after the date of mailing of this order.
The mailing date is shown on the lower, left corner of the order." (Emphasis in original).
 The order indicated it was mailed on May 4, 1998. R.C.4301.28 allows a permit holder twenty-one days from the mailing date of the LCC order to file notice of appeal in accordance with R.C.119.12. For computation of time, the first day being May 5th, Robinson had until May 25th to file his notices with the court of common pleas and the LCC. On May 22nd Robinson filed his notice of appeal in the Portage County Common Pleas Court and sent by certified mail a copy of the notice to the DLC (not the LCC). The DLC received the notice on May 26th and subsequently forwarded it to the LCC, where it was received on May 28th.
Upon receiving the notice, the LCC filed a motion to dismiss on two grounds. First, Robinson failed to name the proper party-appellee, filing his notice of appeal with the DLC as opposed to the LCC. Second, the defective notice was not timely filed, having been received by the LCC on May 28, 1998, three days after the deadline. The trial court held that App.R. 14(C) was applicable to the case at bar. App.R. 14(C) extends by three days the time for doing a prescribed act when the time for doing the act commences upon service of process and the paper is served by the mail. May 28th fell within this extended period, and the trial court ruled that this notice was timely filed. The court also held that the improper naming of a party is not a jurisdictional defect, and that the LCC was not prejudiced by the improper naming because they had actual notice of the appeal and fully participated in the subsequent proceedings. The court then reversed the LCC's default judgment against Robinson. The LCC timely filed notice of appeal, citing the following two assignments of error:
 "1. The lower court erred as a matter of law in that the court did not have jurisdiction to consider a case where the appeal was not timely filed under the provisions of R.C.119.12."
 "2. The lower court erred as a matter of law by applying Ohio Rule of Appellate Procedure 14(C) to an appeal pursuant to R.C.119.12."
 For the reasons that follow, we reverse the ruling of the trial court. The time requirement for filing a notice of appeal from a decision of the LCC is established in R.C. 4301.28(C), which allows twenty-one days for filing the notice after the order is mailed by the LCC. The appeal is otherwise governed by R.C.119.12.
In administrative appeals from orders of agencies, the Supreme Court of Ohio has consistently held that failure to comply with the time requirements for filing notices of appeal deprives the common pleas court of jurisdiction and is fatal to an appeal. "An appeal, the right to which is conferred by statute, can be perfected only in the mode prescribed by statute. The exercise of the right conferred is conditioned upon compliance with the accompanying mandatory requirements." Zier v. Bureau ofUnemployment Compensation (1949), 151 Ohio St. 123, paragraph one of syllabus. One mandatory requirement is that filing of the notices must be done within the deadline established by statute with both the court of common pleas and with the particular agency involved. Nibert v. Ohio Dept. of Rehab. Corr. (1998), 84 Ohio St.3d 100,102.
In the present case, the LCC did not receive the notice until May 28, 1998. Even if we adopt May 26th as the operative date (the date when the DLC received the notice), the delivery was still outside the mandatory deadline. Robinson suggests, based upon his mailing date of May 22nd, that we adopt the presumption that the notice was timely delivered and thus constructively filed within the deadline. If the law allows for such a presumption, it cannot apply in this case. Robinson mailed his notice to the wrong address. There cannot be a presumption of timely delivery when the article was mailed to the wrong address. Robinson's argument regarding a presumption of timely delivery does not apply in this case. Notice was not filed with the LCC within the mandatory time limit. Appellant's first assignment of error has merit.
The trial court applied App.R. 14(C) to the present case, thereby extending the deadline by three days from May 25th to May 28, 1998. The LCC received the notice of appeal on the 28th. Consequently, the trial court ruled the notice was timely filed. In its second assignment of error, the LCC argues R.C.119.12 governs the requirements for the filing of the notice of appeal and the appellate rules may not be applied to extend the deadline. In Ramsdell v. Ohio Civil Rights Comm. (1990), 56 Ohio St.3d 24, the Supreme Court of Ohio considered whether Civ.R. 6(E) could be applied to extend the statutory time limit set to file notice of appeal. Civ.R. 6(E) is the civil rule analogous to App.R. 14(C). The court, stated "[a]fter the prescribed time has passed, the court lacks jurisdiction to hear the claim and the Civil Rules may not be applied to extend or reactivate jurisdiction. Thus, Civ.R. 6(E) may not be applied to grant the appellant three additional days to file her petition for review."Ramsdell at 28. The case sub judice is directly analogous. We will not apply the appellate rules to extend the time period for filing a statutory appeal when it is not appropriate to apply the civil rules to accomplish the same purpose. Where the right to appeal is conferred by statute, the court must adhere to time requirements set forth in the statute. Appellant's second assignment of error has merit.
The court of common pleas lacked jurisdiction to hear Robinson's appeal. The court's judgment, entered October 7, 1998, reversing the decision of the Ohio Liquor Control Commission, is hereby vacated. The Ohio Liquor Control Commission's judgment is reinstated.
 _____________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J., NADER, J., concur.
[1] While this case carries the caption it had in the court of common pleas, the LCC is in fact the real party in interest and the party appealing the decision.