DECISION AND JUDGMENT ENTRY
This case comes before the court as an accelerated appeal from a judgment of the Lucas County Court of Common Pleas, which granted appellees' motion to dismiss.
The following facts are relevant to this appeal. Appellant, Jennifer Lovalenti, worked as an apprentice for appellee, Piping Industry Training Center, from February 1996 until she was discharged April 21, 1998. On May 13, 1998, appellant filed a discrimination charge against appellee with the Ohio Civil Rights Commission ("OCRC") and the United States Equal Employment Opportunity Commission ("EEOC"). Appellant claimed she was terminated from her position and that she was denied a job referral because of her sex.
OCRC found for appellant in her job referral claim, but held there was no probable cause to believe appellant's job termination was based on sex. OCRC issued a Conciliation Agreement and Consent Order, which appellee approved but appellant would not.
The order, which became effective April 8, 1999, was mailed to appellant along with a letter dated April 14, 1999, which included the following information:
"NOTICE OF RIGHT TO JUDICIAL REVIEW:
 "This determination of the Ohio Civil Rights Commission constitutes a final order of the Commission and is subject to judicial review. Revised Code 4112.06 sets forth the right to obtain judicial review of this order and the mode and procedure thereof.
 "A petition for judicial review of a Commission order must be filed within THIRTY (30) days of mailing the order. For further information on the process of obtaining judicial review of this order, you are advised to consult an attorney."
Appellant filed a Complaint for Discrimination Based Upon Sex in the Lucas County Court of Common Pleas May 13, 1999.
The complaint named appellant and nine of appellant's employees as defendants, but did not name OCRC. Appellant's complaint contained a jury demand and sought money damages, neither of which are provided for in R.C. 4112.06. Defendants moved for a dismissal or summary judgment, but the court denied these as moot and granted appellant's motion for leave to file an amended complaint.
Appellant's amended complaint filed December 27, 1999, added OCRC as a defendant, but also contained substantive changes from the original complaint, including the addition of a caption seeking judicial review, references to R.C. 4112.06, and information regarding OCRC's order; and the removal of the demand for money damages. OCRC filed a motion to dismiss, citing to appellant's failure to comply with the thirty-day filing requirement of R.C. 4112.06. The remaining defendants filed a motion to dismiss pursuant to Civ.R. 12(b)(6). The trial court granted both motions on the basis that it lacked jurisdiction to review appellant's claims. Appellant now appeals setting forth the following assignment of error:
 "THE TRIAL COURT ERRED WHEN GRANTING ALL DEFENDANTS' MOTIONS TO DISMISS APPELLANT'S AMENDED COMPLAINT THAT WAS FILED PURSUANT TO (1) OHIO REVISED CODE SECTION 4112.06(A) AND (B); AND, (2) PURSUANT TO THE TRIAL COURT'S DECEMBER 17, 1999 ORDER."
Referring to OCRC as "the commission," R.C. 4112.06 provides in pertinent part:
 "(A) Any complainant, or respondent claiming to be aggrieved by a final order of the commission * * * may obtain judicial review * * *.
 "(B) Such proceedings shall be initiated by the filing of a petition in court as provided in division (A) of this section and the service of a copy of the said petition upon the commission and upon all parties who appeared before the commission. (Emphasis added.)
 "(H) If no proceeding to obtain judicial review is instituted by a complainant, or respondent within thirty days from the service of order of the commission pursuant to this section, the commission may obtain a decree of the court for the enforcement of such order * * *." (Emphasis added.)
Furthermore, Civ.R. 15(C) states:
 "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." (Emphasis added.)
In Ramsdell v. Ohio Civil Rights Commission, the Ohio Supreme Court held that a court of common pleas has jurisdiction to hear a claim only if the petition is filed within thirty days after a final administrative order is mailed, and "the Civil Rules may not be applied to extend or reactivate jurisdiction." Ramsdell v. Ohio Civil Rights Commission
(1990), 56 Ohio St.3d 24, 25, 28. The court reasoned that the Ohio Rules of Civil Procedure are "not categorically inapplicable to appeals from administrative orders." Id. at 27. However, the court went on to state, "The decisions of this court, going both ways on the question of the applicability of the Civil Rules, suggest that the question must be decided on a case-by-case basis, depending on the statute involved."Id.
In this case, we are asked to apply Civ.R. 15 to R.C. 4112.06 in order to allow appellant's amended complaint to be considered timely filed. However, this we will not do. Based on a thorough review of the record in this case, we hold with the reasoning of the trial court that it is not appropriate to apply Civ.R. 15, pursuant to Ramsdell, and even if it was, Civ.R. 15 is not applicable because it addresses the change, not the addition, of a party, and appellant did not satisfy the requirement of the rule that the added party should have known but for a mistake that the action would be brought against it.
Indeed, OCRC informed appellant of the proper judicial review procedure. Appellant chose not to adhere to this procedure within the required time. Consequently, appellant's sole assignment of error is found not well-taken and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
 ________________________________ Melvin L. Resnick, J.
 Richard W. Knepper, P.J., George M. Glasser, J., JUDGES CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.