DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas which granted appellees, Countrywide Home Loans, Inc., Countrywide Credit Industries, Inc., Mary Fackler, and Susan Wirick's motion for summary judgment. For the reasons that follow we affirm the decision of the trial court.
On October 20, 2000, appellant, Ohio Civil Rights Commission ("OCRC"), filed a complaint alleging that appellees discriminated against Eric and Vonda Williams on the basis of Vonda's pregnancy. Specifically, appellant claimed that the Williams's were denied a home mortgage loan because appellees refused to consider Vonda's income while she was on maternity leave.
Appellees filed an answer and raised as a defense, inter alia, that the limitations period had expired prior to appellant filing the complaint. On this basis, appellees filed a motion for summary judgment on February 9, 2001.
Appellant, in its memorandum in opposition, argued that appellees, in calculating the one year limitations period, used the wrong date. Appellant claimed, relying on Ohio Adm. Code 4112-3-01(D), that the proper date was the date the OCRC received the Williams's charge, August 10, 1999, rather than June 23, 1999, when they filed the charge with the United States Department of Housing and Urban Development ("HUD") office in Chicago. Alternatively, appellant argued that the one year limitations period in R.C. 4112.05(B)(7) was directory rather than mandatory.
In response, appellees disputed appellant's interpretation of R.C.4112.05(B)(7), stressing that the word "filed" does not mean "received." Appellees further argued that the term "shall" is generally construed as mandatory, not permissive.
On April 18, 2001, the trial court granted appellees' motion for summary judgment. The court rejected appellant's contention that the date the complaint was received by the OCRC was the filing date because, as required under Ohio Adm. Code 4112-3-01(D), there was no indication that the complaint was also filed with the OCRC. The court further concluded that there was no clear legislative intent that the limitations provision in R.C. 4112.05(B)(7) was directory rather than mandatory.
Appellant commenced the instant appeal on May 17, 2001. The Toledo Fair Housing Center, with permission of this court, has filed an amicuscuriae brief in support of appellant.
Appellant raises the following assignments of error:
 "I. First Assignment of Error: The trial court erred when it granted Appellee's [sic] motion for summary judgment because it did not resolve genuine issues of material fact in favor of the Commission.
 "II. Second Assignment of Error: The trial court erred when it held that Ohio Adm. Code 4112-3-01(D) was inapplicable.
 "III. Third Assignment of Error: The trial court erred when it held that the one-year period provided in R.C. 4112.05(B)(7) was mandatory, not directory."
At the outset we note that in reviewing a grant of summary judgment, this court must apply the same standard as the trial court. LorainNatl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted where there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Further, when a party moves for summary judgment based on the statute of limitations, the nonmoving party "may not merely rely on [its] pleadings, but is under an affirmative duty to present, by affidavit or otherwise, a genuine issue of material fact demonstrating that the statute of limitations is not applicable." Riley v. Montgomery (1984),11 Ohio St.3d 75, paragraph two of the syllabus.
Keeping this standard in mind, we now address appellant's interrelated first and second assignments of error. Appellant contends that a genuine issue of fact exists as to the date by which the OCRC had to file its complaint against appellees. Appellant claims that the charge was filed with the OCRC on August 10, 1999, according to Ohio Adm. Code 4112-3-01(D) and a concept termed "dual filing," when it received the referral from HUD. Appellees, conversely, contend that the charge was filed on June 23, 1999, when the charge was filed with HUD and, therefore, the July 13, 1999 administrative complaint was time barred.
R.C. 4112.05(B)(7) and Ohio Adm. Code 4112-3-01(D) contain the limitations period at issue in this case. R.C. 4112.05(B)(7) requires that a claim "issued pursuant to division (B)(5) of this section after the filing of a charge under division (B)(1) of this section shall so be issued within one year after the complainant filed the charge with respect to an alleged unlawful discriminatory practice."
Ohio Adm. Code 4112-3-01(D) provides, in relevant part:
 "A charge filed with the equal employment opportunity commission (EEOC) or with the department of housing and urban development (HUD) which indicates it is also filed with the commission is deemed filed with the Ohio civil rights commission on the date it is received at one of the commission offices. Notwithstanding the above, any charge that is filed with the EEOC within six months, or HUD within one year, of the alleged unlawful discriminatory practice is deemed timely filed with the commission, regardless of when it is received."
Paraphrasing the above-quoted section, in order for appellant to successfully apply Ohio Adm. Code 4112-3-01(D), appellant must demonstrate that the charge that was filed with HUD "indicates it [was] also filed with the commission[.]" Then, according to the provision, the charge would be "deemed filed with the Ohio civil rights commission at the date that it [was] received at one of the commission offices." However, in any event, the regulation provides for "dual filing" in that so long as the charge is timely filed with the commission it is deemed "timely filed with the commission, regardless of when it is received."
In support of its argument that the complaint was timely filed, appellant relies on the charge itself, letters, and affidavit testimony. Appellant points to the fact that the charge indicates that it was referred to the OCRC. Appellant also cites to an August 3, 1999 letter sent by HUD and addressed to appellee, Susan Wirick, which states that the charge would be processed by the OCRC. Finally, appellant relies on the affidavit testimony of Barbara Knox, the Midwest director of the HUD Office of Fair Housing and Equal Opportunity.
Knox, in her April 24, 2001 affidavit, states, in part:
 "7. Because the Ohio Civil Rights Commission is a certified agency, all housing discrimination complaints filed with HUD (which allege violations of the Fair Housing Act within Ohio) are deemed dual filed with the Ohio Civil Rights Commission.
 "8. All housing discrimination complaints are deemed dual filed with the certified agency and with HUD on the date the housing discrimination complaint is filed with HUD or the certified agency.
 "9. The Housing Discrimination Complaint form signed by Eric D. Williams (Attachment No. 1) was deemed dual filed with HUD and the Ohio Civil Rights Commission on the date it was filed with HUD — June 23, 1999."
In response to appellant's argument, appellees contend that appellant's assertion that every charge that is filed with HUD is also filed with the OCRC, makes the language of the regulation, which requires that the charge "indicates that it is also filed with the commission," superfluous. Appellees further argue that appellant's interpretation of the regulation conflicts with the limitations period in R.C. 4112.05(B)(7).
In its April 6, 2001 judgment entry, the trial court found that Ohio Adm. Code 4112-3-01(D), "[b]y its own terms," did not apply to this case because: "It is undisputed in this case that the Williams' charge was filed only with HUD." Upon review of the evidentiary materials provided by appellant in opposition to summary judgment, particularly the above-quoted Knox affidavit, we find that the charge was "dual filed" with HUD; however, the charge did not indicate that it was also filed with the OCRC as required by Ohio Adm. Code. 4112-3-01(D). Thus, the one year limitations period began to run on June 23, 1999, and the administrative complaint filed July 13, 2000, is time-barred. Accordingly, appellant's first and second assignments of error are not well-taken.
Appellant's third and final assignment of error urges this court to interpret the one year limitations period in R.C. 4112.05(B)(7) as directory rather than mandatory.
In general, a statute containing the word "shall" is construed as mandatory unless there is clear legislative intent that it receive a construction other than its ordinary usage. In re Davis (1999),84 Ohio St.3d 520, 522; Dorrian v. Scioto Conserv. Dist. (1971),27 Ohio St.2d 102, paragraph one of the syllabus. A mandatory statute is one in which noncompliance would render the proceedings to which it relates illegal and void. Id., quoting State ex rel. Jones v. Farrar
(1946), 146 Ohio St. 467, 471-472. A directory statute, regarding the time for performance, is one where the time is fixed simply for convenience or orderly procedure. Id., quoting State ex rel. Jones at 472.
The parties agree that there is no case law which specifically addresses this question. Appellant, however, contends that because the OCRC is a governmental entity, the filing of the complaint is an official act and, thus, the limitations period is merely directory.
On review of the relevant statutory and case law, we can find no clear legislative intent indicating that the word "shall," set forth in R.C.4112.05(B)(7), has any meaning beyond its ordinary definition. We note that all parties seeking to vest jurisdiction in an Ohio court of common pleas are subject to the relevant limitations period for the claim or claims for relief asserted. Further, the Supreme Court of Ohio has noted that "open-ended statutes of limitation are contrary to public policy."Ramsdell v. Ohio Civil Rights Comm. (1990), 56 Ohio St.3d 24, 25. We agree that adherence to the requisite statute of limitations is important both for the prompt disposition of matters and to afford an accused with timely notice of a claim. Accordingly, we find that the one-year limitations period set forth in R.C. 4112.05(B)(7) is mandatory and, as such, appellant's third assignment of error is not well-taken. On consideration whereof, we find that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J., Mark L. Pietrykowski, P.J., Judge, CONCUR.