[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
{¶ 2} On September 27, 2001, the Ohio Civil Rights Commission mailed to plaintiff-appellant Barbara J. Henderson a final order dismissing her discrimination charge against her employer, Square D Company. On October 30, 2001, Henderson filed a petition for review of the commission's order in the Hamilton County Common Pleas Court. Henderson served notice of the petition upon the company's human resources manager, Tara Jones.
{¶ 3} The trial court granted Jones's motion to dismiss the petition. The court determined that Henderson had failed to timely file her petition, that she had not served the proper parties, and that she had failed to prosecute the action by failing to appear at two scheduling conferences. Henderson now appeals from the trial court's dismissal of her petition.
{¶ 4} In her first assignment of error, Henderson argues that the trial court erred by dismissing her petition on the basis that it was untimely. We disagree. R.C. 4112.06 describes the procedure for judicial review of an order of the commission. In particular, subsection (H) provides as follows:
{¶ 5} "If no proceeding to obtain judicial review is instituted by a complainant, or respondent within thirty days from the service of order of the commission pursuant to this section, the commission may obtain a decree of the court for the enforcement of such order upon showing that respondent is subject to the commission's jurisdiction and resides or transacts business within the county in which the petition for enforcement is brought."
{¶ 6} The Supreme Court of Ohio has held that the thirty-day period for filing a petition for judicial review of a commission order is mandatory pursuant to R.C. 4112.06(H).[1] According to the court, the statutory phrase "thirty days from the service of order" means that a party has thirty days after the mailing of a final order of the commission to file a petition for review with a court of common pleas.[2] "We have always considered it to be fundamental that when the right to appeal is conferred by statute, the appeal can be perfected only in the mode prescribed by statute. * * * R.C. 4112.06(H) requires a party to file a petition for review within thirty days of the service of the order. The court of common pleas has jurisdiction to hear the appellant's claim only if the petition is filed within a thirty-day period. After that time, it may do nothing more than enforce the commission's order."[3]
{¶ 7} In this case, because Henderson failed to file her petition for review of the commission's order within thirty days of service of the order, the trial court lacked jurisdiction to consider the petition and properly dismissed it. Accordingly, we overrule Henderson's first assignment of error. Our disposition of Henderson's first assignment of error renders moot her second and third assignments of error.
{¶ 8} Therefore, the judgment of the trial court is affirmed.
{¶ 9} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Winkler, JJ.
[1] Ramsdell v. Ohio Civil Rights Commission (1990), 56 Ohio St.3d 24,25, 563 N.E.2d 285.
[2] Id.
[3] Id. at 27-28, 563 N.E.2d 285, citing Zier v. Bur. of UnemploymentComp. (1949), 151 Ohio St. 123, 84 N.E.2d 746; Proctor v. Giles (1980),61 Ohio St.2d 211, 400 N.E.2d 393; see, also, Mt. Healthy City Bd. ofEduc. v. Vessalo (Nov. 29, 1995), 1st Dist. No. C-950053.