NEW ALBANY DVD, LLC, Plaintiff,

v.

CITY OF NEW ALBANY, INDIANA, Defendant.

No. NA4:04CV0052SEBWGH.

United States District Court, S.D. Indiana, New Albany Division.

July 22, 2004.

Bart M. Betteau, Betteau Law Office, LLC, New Albany, IN, Steven Gerald Mason, Orlando, FL, for plaintiff.

Scott D. Bergthold, Law Office Of Scott D. Bergthold PLLC, Chattanooga, TN, Shane L. Gibson, Gibson Law Office, New Albany, IN, for defendant.

## ENTRY ON DEFENDANT'S MOTION TO DISMISS

BARKER, District Judge.

This matter comes before the Court on Defendant City of New Albany's ("City") Motion to Dismiss Plaintiff NA DVD's ("DVD") constitutional claim on the basis of the *Younger* abstention doctrine. For the reasons stated below, we *DENY* the Defendant's Motion to Dismiss.

### Factual and Procedural Background

This case shares a procedural and factual background with cause no. 4:04–CV–0086–SEB–WGH, the *City of New Albany v. NA DVD, LLC.* Many of the relevant alleged facts are recited in detail in our companion entry on the City's Motion to Remand and need not be repeated here. The facts prompting the City's refusal to inspect and issue a certificate of occupancy to DVD on February 19, 2004 are strenuously disputed, but more with respect to motivations than steps taken by various officials. Because certain documentary material was admitted at the evidentiary hearing on Plaintiff's Motion for Preliminary Injunction held on May 5, 2004, we will incorporate those references into our factual recitation.

DVD began preparations to open an adult entertainment store in late 2003.[1] After acquiring the premises, on December 23, 2003, DVD obtained a building permit from the City of New Albany to remodel the West Main Street premises,

---

[1] Representatives of DVD include Keith Johnson, who has an ownership interest in the company that bought the premises located at 601 West Main Street, and lessees Danny and Carolyn Embry, the managing members of DVD. Mr. Johnson testified at the May 5th evidentiary hearing and Mr. Embry has submitted an affidavit in conjunction with DVD's motion for preliminary injunction.

formerly home to a business called "Tumblebus" which operated and supplied decorated buses for children's parties and recreation. Preliminary Injunction Hearing Transcript pp. 8–11; Pl.'s Ex. C. The permit appears to authorize the remodeling of a "retail business in a commercial zone." A separate form signed by then-Building Commissioner Gary House further specifies both the present and proposed use of the premises as "commercial." Pl.'s Ex. D.

On December 29, 2003, DVD applied for an Improvement Locations Permit ("ILP") and a Certificate of Occupancy ("CO"). Renovations were completed and on February 17, 2004, contractor Larry Zeller made a "Contractor's Request for Final Inspection." The inspection was scheduled for 9:30 a.m. on February 19, 2004. Under local law, a final inspection must precede the issuance of a CO [Building Regulation § 150.076] and a CO is required for lawful occupancy of a premise. Building Regulation § 150.084.

As recounted in this court's *Entry Granting Remand* in cause no. 04–CV–0086, the following events occurred on the date of the scheduled inspection: (1) the final inspection was abruptly cancelled for DVD's alleged failure to obtain an ILP from the zoning office, (2) the CO was not issued, (3) DVD opened its doors for business but only briefly on that day and, (4) the Building Commission, enforcing the code, issued a "stop-work order" and an "unsafe building notice." On the evening of February 19, 2004, the New Albany City Council ("City Council") met and adopted a six-month moratorium on the authorization of any sexually oriented business. Plaintiff's Motion for Preliminary Injunction, Docket # 10, Ex. B, Resolution R–04–10. This moratorium was supplanted on March 18, 2004 by Ordinance G–04–10,

regulating the operation of sexually oriented businesses.

Regarding the procedural history of the case, we elaborate here because the timing of the filing of suits is an element of a *Younger* abstention analysis. On February 23, 2004, DVD filed the instant federal case against the City, alleging constitutional deprivations and seeking both a judgment declaring the City's actions on February 19, 2004 unconstitutional and an injunction against the City's efforts to prevent operation of a retail store that sells sexually explicit books, magazines and films. A week after the March 18th adoption by the City of its sexually oriented business ordinance, the City filed a declaratory judgment action in state court seeking to have the new ordinance declared constitutional on its face and as applied to DVD. On April 19, 2004, DVD removed the City's declaratory action to federal court and the City sought remand of the action. While the motion to remand was pending, the City filed this motion to dismiss, arguing that for reasons of comity and federalism we should abstain from hearing the instant case because of the ongoing state action which raises some of the same issues between the same parties. In a companion ruling issued this day, we granted the City's motion to remand its declaratory judgment action. Had we denied the City's motion to remand rather than granted it, the abstention issue would have been moot. Accordingly we move to resolve the City's motion to dismiss.

*Legal Analysis*

*Younger Abstention Doctrine*

■ As a general rule, federal courts will not abstain from deciding cases within their jurisdiction. *See e.g. Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817–818, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). DVD brings its facial and as-applied challenges to the City's building,

zoning, and sexually oriented business ordinances under the First, Fifth and Fourteenth Amendments, all within the federal question jurisdiction of this court. Am. Compl. ¶¶ 23–38; 28 U.S.C. § 1331.

■ The City filed a motion to dismiss,[2] citing *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its progeny, which holds that absent extraordinary circumstances, federal courts should abstain from interfering with ongoing state criminal, civil and administrative proceedings. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982); *Golden Years Homestead, Inc. v. Buckland,* 2004 WL 950596 (S.D.Ind.2004) (Barker, J.).

■ The test for *Younger* abstention has four elements: 1) are the judicial or quasi-judicial state proceedings ongoing; 2) do the proceedings implicate important state interests; 3) is there an adequate opportunity in the state proceedings to raise constitutional challenges; and, 4) are there any extraordinary circumstances such as bias or harassment which would weigh against abstention. *Middlesex,* 457 U.S. at 433–35, 102 S.Ct. 2515; *Majors v. Engelbrecht,* 149 F.3d 709, 711 (7th Cir. 1998); *Golden Years,* 2004 WL 950596, *2.

Because we have granted the City's motion to remand the state court declaratory judgment action in our companion order, the City asks us to relinquish jurisdiction in favor of having those same issues litigated by the same parties in Floyd County Circuit Court.

*Ongoing State Proceedings*

The City suggests that it has not one, but three, "ongoing" state proceedings which make our going forward an unnecessary interference: (1) the City's enforcement action against DVD for failure to obtain a CO, (2) the City's enforcement actions against DVD for maintaining an "unsafe building" for failure to obtain a CO, and (3) the City's state court declaratory judgment lawsuit. Def.'s Br. pp. 8–12.

The first action arose by virtue of the "Stop–Work Order" sticker which was affixed to the premises on February 19th for a violation of § 150.076, requiring a CO. Am. Compl. ¶ 16; Def.'s Br. at 3. The plaintiff claims the work was complete, therefore there was nothing to stop work on, making the issuance of an order pointless. Nevertheless, the City argues that this order could have and should have been appealed, pursuant to ¶ 150.020 (the right to appeal any order of the Building Commissioner first to the Building Commission and then to the Fire Prevention and Building Safety Commission in accordance with state law). The right to appeal and DVD's failure to take an appeal, argues the City, indicates an ongoing administrative proceeding.

The second enforcement action also took place on February 19th when the City issued a "Notice–Order" which barred DVD from occupying the premises, instructed DVD to remove signage and set a hearing for March 9, 2004. Def.'s Br., Ex. D. The fact that a hearing was actually set is evidence in favor of the existence of an ongoing proceeding, argues the City. The hearing, however, did not take place on March 9, 2004 and was rescheduled in an April 26th "Order Resetting Hearing" for

---

**2.** Specifically, the City brings its motion to dismiss "pursuant to the abstention doctrine announced in *Younger v. Harris,* 401 U.S. 37, 27 L.Ed.2d 669, 91 S.Ct. 746 (1971) and its progeny, F.R.C.P. 12(b)(1), 12(b)(6), the Tenth and Eleventh Amendments, and the constitutional principles of comity and federalism." Def. Mot. to Dismiss Mem. at 2.

May 3, 2004.[3] Def.'s Br., Ex. G. With an evidentiary hearing on Plaintiff's Motion for Preliminary Injunction already scheduled in this court for May 5, 2004, the plaintiff objected and the hearing date was again continued. We are informed that there has been no hearing to date, although the reasons for this are contested between the parties. The usefulness of pursuing an appeal became questionable in February, however, and remains so today for two reasons: first, because of the six-month ban on sexually-oriented businesses enacted the evening of February 19th which would have wholly prevented DVD from operating notwithstanding a successful zoning appeal; and secondly, because of the effect of Ordinance No. G–04–10 which prevents DVD from operating specifically at the West Main Street location due to its proximity to a church. Ord. G–04–10, sec. 3.

■ The mootness of the administrative appeals leaves the state court lawsuit as the only proceeding for purposes of our consideration of the *Younger* abstention doctrine. A pending proceeding is one initiated "before any proceedings of substance on the merits have taken place in the federal court." *Hawaii Housing Authority v. Midkiff,* 467 U.S. 229, 238, 104 S.Ct. 2321, 81 L.Ed.2d 186 (1984) (citing *Hicks v. Miranda,* 422 U.S. 332, 349, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975)). Here, the City had not initiated state judicial proceedings before the federal lawsuit was filed. The determination of jurisdiction in this case is not resolved, however, on the basis of the race to the courthouse. In *Hicks v. Miranda,* 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975), the Court held that *Younger* required federal abstention even though a state criminal complaint was filed *after* a federal civil suit was brought for both declaratory and injunctive relief. However, the state and federal actions in *Hicks* were filed only a single day apart, and the state action against the federal plaintiff was filed before any proceedings of substance on the merits had been conducted in the federal action. *Id.* at 349, 95 S.Ct. 2281.

■ Since filing dates are not outcome determinative, we examine what has already transpired in the federal action pending here, to establish whether the federal proceeding has passed beyond the "embryonic stage." *See Midkiff,* 467 U.S. at 239, 104 S.Ct. 2321 (quoting *Doran v. Salem Inn, Inc.,* 422 U.S. 922, 929, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975)). DVD's federal complaint was accompanied by a motion for preliminary injunction, on which a hearing was set almost immediately (a total of ten calendar days later). After continuing the evidentiary hearing on the preliminary injunction at the parties' request, we conducted that proceeding approximately one month after the filing of the Complaint, on May 5, 2004. Following several hours of testimony, we recessed the hearing to allow the plaintiff to complete the formalities of the zoning and building commissions' procedures, prior to our issuance of a final ruling on the injunction.[4] In short, although we have

---

3. The City argues that a five-day notice is all that is required by IC 36–7–9–7(b) but this applies to hearings which have been properly reset. It appears that the March 9 hearing should have been reset to "not later than fourteen (14) days after the hearing date shown on the order;" if true, the notice rules arguably do not apply in the face of the improper hearing dates.

4. DVD's subsequent application for an Improvement Location Permit was denied under both the Zoning and Sexually Oriented Business ordinances. DVD is not required to exhaust administrative remedies in order to maintain a ripe controversy. A Section 1983 action, the principal vehicle for challenging state action on federal grounds and utilized by DVD in this cause of action, contains no

not yet reached the merits of the First Amendment issues in ruling on the motion for preliminary injunction, we have nevertheless moved the litigation forward by requiring DVD to resolve the local zoning issues in order to remove them as obstacles to our consideration of the constitutional issues.

In two Seventh Circuit cases upholding abstention decisions, the following criteria were considered on the issue of whether a district court had advanced toward a determination of the merits: the taking of depositions, completion of discovery and filing of briefs on the issue. *See Mannheim Video, Inc. v. County of Cook*, 884 F.2d 1043 (7ᵗʰ Cir.1989); *Ciotti v. Cook County*, 712 F.2d 312 (7ᵗʰ Cir.1983).[5] These steps are analogous to the actions taken in our case, suggesting that the case at bar also has proceeded beyond the embryonic stage. This fact, together with what we regard as credible allegations that the City may have initiated the state court declaratory judgment lawsuit in bad faith (reviewed more fully in this opinion in the remaining pages), we do not feel impelled on this basis to dismiss the instant case in deference to the state proceedings.

*Important State Interests and Adequate Opportunity to Raise Constitutional Challenges*

■ The second element of the *Younger* doctrine is clearly satisfied by the City. We have previously observed that "[l]ocal land use and zoning issues" have consistently been held to be "important state interests," for the purposes of *Younger* abstention. *Discovery House, Inc. v. Con-*

*solidated City of Indianapolis*, 970 F.Supp. 655, 659 (S.D.Ind.1997) (Barker, C. J). Content-neutral regulation of adult entertainment businesses has been justified, for example, in the interest of regulating the negative secondary effects of such businesses. *Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 106 S.Ct. 925, 89 L.Ed.2d 29 (1986); *City of Los Angeles v. Alameda Books, Inc.*, 535 U.S. 425, 122 S.Ct. 1728, 152 L.Ed.2d 670 (2002). In addition, because neither party contends that DVD would not have the opportunity to raise its constitutional challenges in the state case, the third element is satisfied as well by the City.

*Younger Abstention and the First Amendment*

■ *Younger* and its progeny make clear that First Amendment concerns do not, in themselves, provide a federal court with justification for interfering with pending state proceeding. *Younger*, 401 U.S. at 51, 91 S.Ct. 746; *see also For Your Eyes Alone, Inc. v. City of Columbus, Ga.*, 281 F.3d 1209, 1219–1220 (11th Cir.2002). We are nevertheless mindful of the costs associated with duplication and delay caused by abstention in a suit where the plaintiff has brought a facial or as-applied challenge on First Amendment free speech grounds. To abstain in the case at bar would cause serious delay in determining the constitutionality of the Sexually Oriented Business Ordinance, clearly a prejudice to DVD who has been unable to open its fledgling business while these cases pend. In addition, uncertainty as to con-

requirement to exhaust administrative remedies. *See Patsy v. Fla. Bd. of Regents*, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982); *Allegheny Corp. v. Haase*, 896 F.2d 1046, 1050 (7ᵗʰ Cir.1990) (cert. granted and judgment vacated on grounds of mootness).

**5.** In addition, one district court judge also considered evidentiary hearings, numerous settlement discussions and status conferences before two magistrate judges and two district judges. *Special Souvenirs, Inc. v. Town of Wayne*, 56 F.Supp.2d 1062, 1075 (E.D.Wis. 1999).

stitutionality could chill the future exercise of First Amendment protected activity by others also within its reach and affected by its terms. Moreover, limited judicial resources are not conserved when we begin proceedings on the merits of the federal lawsuit in this court, only to adjourn the hearing in order to attend to the intertwined jurisdictional issues presented in this motion and the remand motion in the companion case, and leave open the possibility of relitigating the First Amendment issues in the future in state court.

*Exceptions to abstention under Younger*

The fourth and final element of the abstention analysis is to determine whether any extraordinary circumstance exists that would weigh against abstention. Abstention is not warranted if: (1) there is evidence of state proceedings motivated by bad faith, (2) the state law being challenged is patently unconstitutional, or (3) there is no adequate alternative state forum where the constitutional issues can be raised. *Younger,* 401 U.S. at 45, 53–54, 91 S.Ct. 746.

We are not concerned here with the second and third exceptions to *Younger* abstention. The laws being challenged do not rise to the standard of being so "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Watson v. Buck,* 313 U.S. 401, 402, 61 S.Ct. 962, 85 L.Ed. 1416 (1941). Sexually oriented business ordinances are upheld as often as they are struck down. *See generally, City of Littleton, Colo. v. Z.J. Gifts D–4, L.L.C.,* 541 U.S. 774, 124 S.Ct. 2219, 159 L.Ed.2d 84 (2004). Nor could the plaintiff reasonably allege that Indiana courts bar the litigation of constitutional claims.

Rather, the plaintiff's main allegation is that the City engaged in "obstruction tactics" based on their opposition to the nature of the plaintiff's business to prevent this court from moving forward on the merits of DVD's case. Pl.'s Response at 9. Under the 12(b)(6) standard, factual allegations are accepted as true and we must draw all reasonable inferences in favor of the plaintiff. *Latuszkin v. City of Chicago,* 250 F.3d 502, 503 (7th Cir.2001). Every characterization of the facts by DVD in support of its allegation of "bad faith" prosecution by the City has been written off as meritless by the City, as nothing more than "subjective" or "conclusory" allegations. Def.'s Reply at 1. Judging from the testimony presented to the Court on May 5th, there are very few uncontested facts but strongly held opposing political views regarding the nature of Plaintiff's planned enterprise. The documentary evidence provides some proof that someone in the Zoning department apparently found no problem with DVD's permit application initially and did not flag it for special attention because the Building Commission had issued a remodeling permit to DVD on the basis of the submitted blueprints and lack of objection from the zoning office. Hearing Transcript, Direct and Cross–Examination of Eddy Hancock. So far as we can tell at present, DVD experienced a fairly "normal" permit process until the day the word got out that its business was to sell adult materials. Then, the normal permit-issuing process came to a halt and the events alleged in Plaintiff's complaint likely occurred pretty much as alleged, for example: (1) cancelling the final inspection and attributing the cancellation to false zoning paperwork problems, (2) abruptly classifying the retail premises as "unsafe" for a variety of reasons, (3) pushing through a legislated moratorium by the city council on all sexually oriented businesses on the very day DVD was prevent-

ed from opening its premises for "curable" zoning reasons (4) cancelling the March 9th hearing at which DVD would have been able to challenge the order, and (4) intentionally delaying to create a time lapse in which the motion for a preliminary injunction was stalled in this court and the City's administrative review of the "notice-order" was stalled for failure to reschedule the hearing, during which time the City initiated its declaratory judgment action in state court which spawned this abstention effort. The Court is aware that these tactics by the City, if true, would be by no means novel in this highly charged context. *See Route 62 Video and Books, Inc. v. City of Alliance*, 2003 U.S. Dist. Lexis 25247 (N.D.Ohio 2003) (vacated for mootness) (denying the city's motion to remand the declaratory judgment action to the state court and finding it a thinly-veiled attempt to deprive the federal court of jurisdiction to hear the constitutional challenge to the city's ordinance).

The state court suit was filed at a suspicious interval in the ongoing dispute between DVD and the City. Between the initiation of the federal lawsuit on February 23, 2004, and the filing of the state's coercive declaratory judgment suit on March 26, 2004, the hearing set for March 9th before the Building Commission on the "unsafe building notice" was cancelled which also had the effect of postponing indefinitely the appeal process under the building regulations. Ordinance G–04–10 was enacted on March 18th, the enforcement of which would have prevented DVD from lawfully opening their business, even if it had been successful in finally obtaining a CO and thereby curing its designation as an "unsafe building" under § 150.125(k). Moreover, the parties agreed to continue the April 4, 2004 evidentiary hearing before our court on DVD's preliminary injunction motion in order to consolidate any new claims arising under the new ordinance.

These circumstances are susceptible to an inference of bad faith prosecution on the part of the City, which inference, together with our view that the first element of the *Younger* doctrine has not been fully satisfied, leads us to conclude that abstention in the federal lawsuit is not appropriate. Accordingly, we *DENY* the City's Motion to Dismiss.

### Conclusion

For the above reasons, we *DENY* Defendant's Motion to Dismiss on the basis of the *Younger* abstention doctrine.

It is so ORDERED.